(Slip Opinion)          OCTOBER TERM, 2009          1

NOTE: Where it is feasible, a syllabus (headnote) will be released, as is being done in connection with this case, at the time the opinion is issued. The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See *United States* v. *Detroit Timber & Lumber Co.,* 200 U. S. 321, 337.

# SUPREME COURT OF THE UNITED STATES

Syllabus

## CARACHURI-ROSENDO *v.* HOLDER, ATTORNEY GENERAL

### CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

No. 09–60.   Argued March 31, 2010—Decided June 14, 2010

Petitioner, a lawful permanent resident of the United States, faced deportation after committing two misdemeanor drug offenses in Texas. For the first, possession of a small amount of marijuana, he received 20 days in jail.  For the second, possession without a prescription of one antianxiety tablet, he received 10 days.  Texas law, like federal law, authorized a sentencing enhancement if the State proved that petitioner had been previously convicted of a similar offense, but Texas did not seek such an enhancement here.  After the second conviction, the Federal Government initiated removal proceedings.  Petitioner conceded that he was removable, but claimed that he was eligible for discretionary cancellation of removal under the Immigration and Nationality Act (INA) because he had not been convicted of any "aggravated felony," 8 U. S. C. §1229b(a)(3).  Section 1101(a)(43)(B) defines that term to include, *inter alia,* "illicit trafficking in a controlled substance . . . including a drug trafficking crime" as defined in 18 U. S. C. §924(c), which, in turn, defines a "drug trafficking crime" as a "felony punishable under," *inter alia*, "the Controlled Substances Act (21 U. S. C. 801 et seq.)."  A felony is a crime for which the "maximum term of imprisonment authorized" is "more than one year."  §3559(a).  Simple possession offenses are ordinarily misdemeanors punishable with shorter sentences, but a conviction "after a prior conviction under this subchapter [or] the law of any State . . . has become final"—a "recidivist" simple possession offense—is "punishable" as a "felony" under §924(c)(2) and subject to a 2-year sentence.  Only this "recidivist" simple possession category might be an "aggravated felony" under 8 U. S. C. §1101(a)(43).  A prosecutor must charge the existence of the prior conviction.   See  21  U. S. C.

§851(a)(1). Notice and an opportunity to challenge its validity, §§851(b)–(c), are mandatory prerequisites to obtaining a punishment based on the fact of the prior conviction and necessary prerequisites to "authorize" a felony punishment, 18 U. S. C. §3559(a), for the simple possession offense at issue.

Here, the Immigration Judge held that petitioner's second simple possession conviction was an "aggravated felony" that made him ineligible for cancellation of removal. The Board of Immigration Appeals and Fifth Circuit affirmed. Relying on the holding in *Lopez* v. *Gonzales*, 549 U. S. 47, 56—that to be an "aggravated felony" for immigration law purposes, a state drug conviction must be punishable as a felony under federal law—the court used a "hypothetical approach," concluding that because petitioner's "conduct" could have been prosecuted as a recidivist simple possession under state law, it could have also been punished as a felony under federal law.

*Held:* Second or subsequent simple possession offenses are not aggravated felonies under §1101(a)(43) when, as in this case, the state conviction is not based on the fact of a prior conviction. Pp. 9–19.

(a) Considering the disputed provisions' terms and their "common-sense conception," *Lopez*, 549 U. S., at 53, it would be counterintuitive and "unorthodox" to apply an "aggravated felony" or "illicit trafficking" label to petitioner's recidivist possession, see *id.,* at 54. The same is true for his penalty. One does not usually think of a 10-day sentence for unauthorized possession of one prescription pill as an "aggravated felony." This Court must be very wary in this case because the Government seeks a result that "the English language tells [the Court] not to expect." *Ibid.* Pp. 9–11.

(b) The Government's position—that "conduct punishable as a felony" should be treated as the equivalent of a felony conviction when the underlying conduct could have been a felony under federal law— is unpersuasive. First, it ignores the INA's text, which limits the Attorney General's cancellation power only when, *inter alia,* a noncitizen "has . . . been convicted of a[n] aggravated felony." 8 U. S. C. §1229b(a)(3). Thus, the conviction itself is the starting place, not what might have or could have been charged. Under the Controlled Substances Act, simple possession offenses carry only a 1-year sentence unless a prosecutor elects to charge the defendant as a recidivist and the defendant receives notice and an opportunity to defend against that charge. Here, petitioner's record of conviction contains no finding of the fact of his prior drug offense. An immigration court cannot, *ex post*, enhance the state offense of record just because facts known to it would have authorized a greater penalty. The Government contends that had petitioner been prosecuted in federal court under identical circumstances, he would have committed an "aggra-

vated felony" for immigration law purposes. But his circumstances were not identical to the Government's hypothesis. And the Government's approach cannot be reconciled with 8 U. S. C. §1229b(a)(3), which requires an "aggravated felony" conviction—not that the non-citizen merely could have been convicted of a felony but was not. Second, the Government's position fails to effectuate 21 U. S. C. §851's mandatory notice and process requirements, which have great practical significance with respect to the conviction itself and are integral to the structure and design of federal drug laws. They authorize prosecutors to exercise discretion when electing whether to pursue a recidivist enhancement. So do many state criminal codes, including Texas'. Permitting an immigration judge to apply his own recidivist enhancement after the fact would denigrate state prosecutors' independent judgment to execute such laws. Third, the Fifth Circuit misread *Lopez.* This Court never used a "hypothetical approach" in its analysis. By focusing on facts known to the immigration court that could have *but did not* serve as the basis for the state conviction and punishment, the Circuit's approach introduces a level of conjecture that has no basis in *Lopez.* Fourth, the Government's argument is inconsistent with common practice in the federal courts, for it is quite unlikely that petitioner's conduct would have been punished as a felony in federal court. Finally, as the Court noted in *Leocal* v. *Ashcroft*, 543 U. S. 1, 11, n. 8, ambiguities in criminal statutes referenced in immigration laws should be construed in the noncitizen's favor. Notably, here, the question whether petitioner has committed an "aggravated felony" is relevant to the type of relief he may obtain from a removal order, but not to whether he is in fact removable. Thus, any relief he may obtain still depends on the Attorney General's discretion. Pp. 11–18.

570 F. 3d 263, reversed.

STEVENS, J., delivered the opinion of the Court, in which ROBERTS, C. J., and KENNEDY, GINSBURG, BREYER, ALITO, and SOTOMAYOR, JJ., joined. SCALIA, J., and THOMAS, J., filed opinions concurring in the judgment.

NOTICE: This opinion is subject to formal revision before publication in the
preliminary print of the United States Reports. Readers are requested to
notify the Reporter of Decisions, Supreme Court of the United States, Wash-
ington, D. C. 20543, of any typographical or other formal errors, in order
that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

No. 09–60

## JOSE ANGEL CARACHURI-ROSENDO, PETITIONER *v.* ERIC H. HOLDER, JR., ATTORNEY GENERAL

### ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

[June 14, 2010]

JUSTICE STEVENS delivered the opinion of the Court.

Petitioner Jose Angel Carachuri-Rosendo, a lawful permanent resident who has lived in the United States since he was five years old, faced deportation under federal law after he committed two misdemeanor drug possession offenses in Texas. For the first, possession of less than two ounces of marijuana, he received 20 days in jail. For the second, possession without a prescription of one tablet of a common antianxiety medication, he received 10 days in jail. After this second offense, the Federal Government initiated removal proceedings against him. He conceded that he was removable, but claimed he was eligible for discretionary relief from removal under 8 U. S. C. §1229b(a).

To decide whether Carachuri-Rosendo is eligible to seek cancellation of removal or waiver of inadmissibility under §1229b(a), we must decide whether he has been convicted of an "aggravated felony," §1229b(a)(3), a category of crimes singled out for the harshest deportation consequences. The Court of Appeals held that a simple drug possession offense, committed after the conviction for a

first possession offense became final, is always an aggra-
vated felony.  We now reverse and hold that second or
subsequent simple possession offenses are not aggravated
felonies under §1101(a)(43) when, as in this case, the state
conviction is not based on the fact of a prior conviction.

I

Under the Immigration and Nationality Act (INA), 66
Stat. 163, as amended, 8 U. S. C. §1101 *et seq.,* a lawful
permanent resident subject to removal from the United
States may apply for discretionary cancellation of removal
if, *inter alia*, he "has not been convicted of any aggravated
felony," §1229b(a)(3).  The statutory definition of the term
"aggravated felony" includes a list of numerous federal
offenses,[1] one of which is "illicit trafficking in a controlled
substance . . . including a drug trafficking crime (as de-
fined in section 924(c) of title 18)."  §1101(a)(43)(B).  Sec-
tion 924(c)(2), in turn, defines a "drug trafficking crime" to
mean "any felony punishable under," *inter alia*, "the Con-
trolled Substances Act (21 U. S. C. 801 et seq.)."  A felony
is a crime for which the "maximum term of imprisonment
authorized" is "more than one year."  18 U. S. C. §3559(a).[2]

The maze of statutory cross-references continues.  Sec-
tion 404 of the Controlled Substances Act criminalizes
simple possession offenses, the type of offense at issue in
this case.  But it prescribes punishment for both misde-
meanor and felony offenses.  Except for simple possession
of crack cocaine or flunitrazepam, a first-time simple
possession offense is a federal misdemeanor; the maxi-

_____

[1] The term "aggravated felony" "applies to an offense . . . whether in
violation of Federal or State law" (or, in certain circumstances, "the law
of a foreign country").  8 U. S. C. § 1101(a)(43).

[2] The Controlled Substances Act itself defines the term "felony" as
"any Federal or State offense classified by applicable Federal or State
law as a felony."  21 U. S. C. §802(13).  The Government concedes that
the classification of felonies under 18 U. S. C. §3559(a) controls in this
case.  Brief for Respondent 4.

mum term authorized for such a conviction is less than one year. 21 U. S. C. §844(a). However, a conviction for a simple possession offense "after a prior conviction under this subchapter [or] under the law of any State . . . has become final"—what we will call recidivist simple possession[3]—may be punished as a felony, with a prison sentence of up to two years. *Ibid.*[4] Thus, except for simple possession offenses involving isolated categories of drugs not presently at issue, only *recidivist* simple possession offenses are "punishable" as a federal "felony" under the Controlled Substances Act, 18 U. S. C. §924(c)(2). And thus only a conviction within this particular category of simple possession offenses might, conceivably, be an "aggravated felony" under 8 U. S. C. §1101(a)(43).

For a subsequent simple possession offense to be eligible for an enhanced punishment, *i.e.*, to be punishable as a felony, the Controlled Substances Act requires that a prosecutor charge the existence of the prior simple posses-

––––––––––

[3] Although §844(a) does not expressly define a separate offense of "recidivist simple possession," the fact of a prior conviction must nonetheless be found before a defendant is subject to a felony sentence. True, the statutory scheme comports with *Almendarez-Torres* v. *United States*, 523 U. S. 224, 247 (1998), in which we explained that the Constitution does not require treating recidivism as an element of the offense. In other words, Congress has permissibly set out a criminal offense for simple possession whereby a recidivist finding by the judge, by a preponderance of the evidence, authorizes a punishment that exceeds the statutory maximum penalty for a simple possession offense. But the fact of a prior conviction must still be found—if only by a judge and if only by a preponderance of the evidence—before a defendant is subject to felony punishment. For present purposes, we therefore view §844(a)'s felony simple possession provision as separate and distinct from the misdemeanor simple possession offense that section also prescribes.

[4] The statute provides in relevant part: "Any person who violates this subsection may be sentenced to a term of imprisonment of not more than 1 year . . . except that if he commits such offense after a prior conviction . . . he shall be sentenced to a term of imprisonment for not less than 15 days but not more than 2 years . . . ." 21 U. S. C. §844(a).

sion conviction before trial, or before a guilty plea. See 21
U. S. C. §851(a)(1).[5]  Notice, plus an opportunity to chal-
lenge the validity of the prior conviction used to enhance
the current conviction, §§851(b)–(c), are mandatory pre-
requisites to obtaining a punishment based on the fact of a
prior conviction.[6]  And they are also necessary prerequi-
sites under federal law to "authorize" a felony punish-
ment, 18 U. S. C. §3559(a), for the type of simple posses-
sion offense at issue in this case.

Neither the definition of an "illicit trafficking" offense
under 8 U. S. C. §1101(a)(43)(B) nor that of a "drug traf-
ficking crime" under 18 U. S. C. §924(c)(2) describes or
references any state offenses.  The "aggravated felony"
definition does explain that the term applies "to an offense
described in this paragraph whether in violation of Fed-
eral or State law."  §1101(a)(43).  But in *Lopez* v. *Gonzales*,
549 U. S. 47, 56 (2006), we determined that, in order to be

———————

[5] This subsection provides: "No person who stands convicted of an
offense under this part shall be sentenced to increased punishment by
reason of one or more prior convictions, unless before trial, or before
entry of a plea of guilty, the United States attorney files an information
with the court (and serves a copy of such information on the person or
counsel for the person) stating in writing the previous convictions to be
relied upon."  §851(a)(1).

[6] We have previously recognized the mandatory nature of these re-
quirements, as have the courts of appeals.  See *United States* v. *La-
Bonte*, 520 U. S. 751, 754, n. 1 (1997) ("We note that imposition of an
enhanced penalty [for recidivism] is not automatic. . . . If the Govern-
ment does not file such notice [under 21 U. S. C. §851(a)(1)] . . . the
lower sentencing range will be applied even though the defendant may
otherwise be eligible for the increased penalty"); see also, *e.g.*, *United
States* v. *Beasley*, 495 F. 3d 142, 148 (CA4 2007); *United States* v.
*Ceballos*, 302 F. 3d 679, 690–692 (CA7 2002); *United States* v. *Dodson*,
288 F. 3d 153, 159 (CA5 2002); *United States* v. *Mooring*, 287 F. 3d 725,
727–728 (CA8 2002).  Although §851's procedural safeguards are not
constitutionally compelled, see *Almendarez-Torres*, 523 U. S., at 247,
they are nevertheless a mandatory feature of the Controlled Substances
Act and a prerequisite to securing a felony conviction under §844(a) for
a successive simple possession offense.

an "aggravated felony" for immigration law purposes, a state drug conviction must be punishable as a felony under *federal* law. We held that "a state offense constitutes a 'felony punishable under the Controlled Substances Act' only if it proscribes conduct punishable as a felony under that federal law." *Id.*, at 60. Despite the fact that the *Lopez* petitioner had been punished as a felon under state law—and, indeed, received a 5-year sentence—the conduct of his offense was not punishable as a felony under federal law, and this prevented the state conviction from qualifying as an aggravated felony for immigration law purposes. *Id.,* at 55 ("Unless a state offense is punishable as a federal felony it does not count").

In the case before us, the Government argues that Carachuri-Rosendo, despite having received only a 10-day sentence for his Texas misdemeanor simple possession offense, nevertheless has been "convicted" of an "aggravated felony" within the meaning of the INA. This is so, the Government contends, because had Carachuri-Rosendo been prosecuted in federal court instead of state court, he *could have been* prosecuted as a felon and received a 2-year sentence based on the fact of his prior simple possession offense. Our holding in *Lopez* teaches that, for a state conviction to qualify as an "aggravated felony" under the INA, it is necessary for the underlying conduct to be punishable as a federal felony. *Id.,* at 60. We now must determine whether the mere possibility, no matter how remote, that a 2-year sentence might have been imposed in a federal trial is a sufficient basis for concluding that a state misdemeanant who was not charged as a recidivist has been "convicted" of an "aggravated felony" within the meaning of §1229b(a)(3).

## II

Carachuri-Rosendo was born in Mexico in 1978. He

came to the United States with his parents in 1983 and has been a lawful permanent resident of Texas ever since. His common-law wife and four children are American citizens, as are his mother and two sisters.

Like so many in this country, Carachuri-Rosendo has gotten into some trouble with our drug laws. In 2004, he pleaded guilty to possessing less than two ounces of marijuana, a Class B misdemeanor, and was sentenced to confinement for 20 days by a Texas court. See App. 19a–22a; Tex. Health & Safety Code Ann. §§481.121(a) and (b)(1) (West 2003). In 2005, he pleaded *nolo contendere* to possessing less than 28 grams—one tablet—of alprazolam (known commercially as Xanax) without a prescription, a Class A misdemeanor. See App. 31a–34a; Tex. Health & Safety Code Ann. §§481.117(a) and (b). Although Texas law, like federal law, authorized a sentencing enhancement if the prosecutor proved that Carachuri-Rosendo had been previously convicted of an offense of a similar class, the State did not elect to seek an enhancement based on his criminal history. App. 32a.

In 2006, on the basis of Carachuri-Rosendo's second possession offense, the Federal Government initiated removal proceedings against him. Appearing *pro se* before the Immigration Judge, Carachuri-Rosendo did not dispute that his conviction for possessing one tablet of Xanax without a prescription made him removable,[7] but he applied for a discretionary cancellation of removal pursuant to 8 U. S. C. §1229b(a). Under that statutory provision, the Attorney General may cancel an order of removal or an order of inadmissibility so long as, *inter alia*, the noncitizen "has not been convicted of a[n] aggravated felony." §1229b(a)(3). The Immigration Judge held that peti-

—————

[7] But for trivial marijuana possession offenses (such as Carachuri-Rosendo's 2004 state offense), virtually all drug offenses are grounds for removal under 8 U. S. C. §1227(a)(2)(B)(i).

tioner's second simple possession conviction was an "aggravated felony" that made him ineligible for cancellation of removal.

The Board of Immigration Appeals (BIA) followed Circuit precedent and affirmed that decision, but it disagreed with the Immigration Judge's legal analysis. In its en banc opinion, the BIA ruled that in cases arising in Circuits in which the question had not yet been decided, the BIA would not treat a second or successive misdemeanor conviction as an aggravated felony unless the conviction contained a finding that the offender was a recidivist. *In re Carachuri-Rosendo,* 24 I. & N. Dec. 382, 387, 391 (2007).

The BIA explained that the statutory question is complicated by the fact that "'recidivist possession'" is not a "discrete offense under Federal law." *Id.*, at 388. While most federal offenses are defined by elements that must be proved to a jury beyond a reasonable doubt, recidivist possession is an "amalgam of elements, substantive sentencing factors, and procedural safeguards." *Id.*, at 389. Section 844(a) defines simple possession by reference to statutory elements, but "facts leading to recidivist felony *punishment,* such as the existence of a prior conviction, do not qualify as 'elements' in the traditional sense." *Ibid.*

The BIA observed, however, that "21 U. S. C. §851 precludes a Federal judge from enhancing a drug offender's sentence on the basis of recidivism absent compliance with a number of safeguards that, among other things, serve to protect the right of the accused to notice and an opportunity to be heard as to the propriety of an increased punishment based on prior convictions." *Ibid.* Therefore, these requirements "are part and parcel of what it means for a crime to be a 'recidivist' offense." *Id.*, at 391. "[U]nless the State successfully sought to impose punishment for a recidivist drug conviction," the BIA concluded, a state simple possession "conviction cannot

'proscribe conduct punishable as' recidivist possession" under federal law. *Ibid.*

On review, the Court of Appeals affirmed the BIA's decision in Carachuri-Rosendo's case, reading our decision in *Lopez* as dictating its outcome. "[I]f the *conduct* proscribed by the state offense could have been prosecuted as a felony" under the Controlled Substances Act, the court reasoned, then the defendant's conviction qualifies as an aggravated felony. 570 F. 3d 263, 267 (CA5 2009) (citing *Lopez*, 549 U. S., at 60). The court deemed its analysis "the hypothetical approach," a term it derived from its understanding of our method of analysis in *Lopez*. 570 F. 3d, at 266, and n. 3; see also *United States* v. *Pacheco-Diaz*, 513 F. 3d 776, 779 (CA7 2008) *(per curiam)* (employing the "hypothetical-federal-felony approach"). Under this approach, as the Court of Appeals understood it, courts "g[o] beyond the state statute's elements to look at the hypothetical conduct a state statute proscribes." 570 F. 3d, at 266, n. 3. Accordingly, any "conduct" that "hypothetically" "could have been punished as a felony" "had [it] been prosecuted in federal court" is an "aggravated felony" for federal immigration law purposes. *Id.*, at 265. In applying this hypothetical approach, the Court of Appeals did not discuss the §851 procedural requirements. Instead, it concluded that because Carachuri-Rosendo's "conduct" could have been prosecuted as simple possession with a recidivist enhancement under state law—even though it was not—it could have also been punished as a felony under federal law. Thus, in the Court of Appeals' view, his conviction for simple possession under state law, without a recidivist enhancement, was an "aggravated felony" for immigration law purposes.[8]

_____

[8] Since the Court of Appeals issued its decision in this case, Carachuri-Rosendo has been removed. Brief for Respondent 10–11. Neither party, however, has suggested that this case is now moot. If Carachuri-

We granted certiorari to resolve the conflict among the Courts of Appeals over whether subsequent simple possession offenses are aggravated felonies.[9]  558 U. S. \_\_\_\_ (2009).

## III

When interpreting the statutory provisions under dispute, we begin by looking at the terms of the provisions and the "commonsense conception" of those terms.  *Lopez*, 549 U. S., at 53.  Carachuri-Rosendo is ineligible for cancellation of removal only if he was "convicted of a[n] aggravated felony," 8 U. S. C. §1229b(a), which, in this case, could only be a conviction for "illicit trafficking in a controlled substance . . . . including a drug trafficking crime," §1101(a)(43)(B).

A recidivist possession offense such as Carachuri-Rosendo's does not fit easily into the "everyday understanding" of those terms, *Lopez*, 549 U. S., at 53.  This type of petty simple possession offense is not typically thought of as an "aggravated felony" or as "illicit trafficking."  We explained in *Lopez* that "ordinarily 'trafficking' means some sort of commercial dealing."  *Id.,* at 53–54 (citing Black's Law Dictionary 1534 (8th ed. 2004)).  And just as in *Lopez*, "[c]ommerce . . . was no part of" Cara-

───────────

Rosendo was not convicted of an "aggravated felony," and if he continues to satisfy the requirements of 8 U. S. C. §1229b(a), he may still seek cancellation of removal even after having been removed.  See §1229b(a) ("The Attorney General may cancel removal in the case of an alien who is inadmissible or deportable from the United States if the alien" meets several criteria).

[9] Compare 570 F. 3d 263 (CA5 2009) (holding state conviction for simple possession after prior conviction for simple possession is a felony under the Controlled Substances Act and thus an aggravated felony), and *Fernandez* v. *Mukasey*, 544 F. 3d 862 (CA7 2008) (same), with *Berhe* v. *Gonzales*, 464 F. 3d 74 (CA1 2006) (taking contrary view), *Alsol* v. *Mukasey*, 548 F. 3d 207 (CA2 2008) (same), *Gerbier* v. *Holmes*, 280 F. 3d 297 (CA3 2002) (same), and *Rashid* v. *Mukasey*, 531 F. 3d 438 (CA6 2008) (same).

churi-Rosendo's possessing a single tablet of Xanax, "and certainly it is no element of simple possession." 549 U. S., at 54. As an initial matter, then, we observe that a reading of this statutory scheme that would apply an "aggravated" or "trafficking" label to *any* simple possession offense is, to say the least, counterintuitive and "unorthodox," *ibid.*

The same is true for the type of penalty at issue. We do not usually think of a 10-day sentence for the unauthorized possession of a trivial amount of a prescription drug as an "aggravated felony." A "felony," we have come to understand, is a "serious crime usu[ally] punishable by imprisonment for more than one year or by death." Black's Law Dictionary 694 (9th ed. 2009) (hereinafter Black's). An "aggravated" offense is one "made worse or more serious by circumstances such as violence, the presence of a deadly weapon, or the intent to commit another crime." *Id.,* at 75. The term "aggravated felony" is unique to Title 8, which covers immigration matters; it is not a term used elsewhere within the United States Code. Our statutory criminal law classifies the most insignificant of federal felonies—"Class E" felonies—as carrying a sentence of "less than five years but more than one year." 18 U. S. C. §3559(a)(5). While it is true that a defendant's criminal history might be seen to make an offense "worse" by virtue thereof, Black's 75, it is nevertheless unorthodox to classify this type of petty simple possession recidivism as an "aggravated felony."

Of course, as Justice Souter observed in his opinion for the Court in *Lopez,* Congress, like "Humpty Dumpty," has the power to give words unorthodox meanings. 549 U. S., at 54. But in this case the Government argues for a result that "the English language tells us not to expect," so we must be "very wary of the Government's position." *Ibid.* Because the English language tells us that most aggravated felonies are punishable by sentences far longer than

10 days, and that mere possession of one tablet of Xanax does not constitute "trafficking*," Lopez* instructs us to be doubly wary of the Government's position in this case.[10]

## IV

The Government's position, like the Court of Appeals' "hypothetical approach," would treat all "conduct punishable as a felony" as the equivalent of a "conviction" of a felony whenever, hypothetically speaking, the underlying conduct could have received felony treatment under federal law. We find this reasoning—and the "hypothetical approach" itself—unpersuasive for the following reasons.

First, and most fundamentally, the Government's position ignores the text of the INA, which limits the Attorney General's cancellation power only when, *inter alia*, a noncitizen "has . . . been *convicted* of a[n] aggravated felony." 8 U. S. C. §1229b(a)(3) (emphasis added). The text thus indicates that we are to look to the conviction itself as our starting place, not to what might have or could have been charged. And to be convicted of an aggravated felony punishable as such under the Controlled

------

[10] The Court stated in *Lopez* that "recidivist possession, see 21 U. S. C. §844(a), clearly fall[s] within the definitions used by Congress in 8 U. S. C. §1101(a)(43)(B) and 18 U. S. C. §924(c)(2), regardless of whether these federal possession felonies or their state counterparts constitute 'illicit trafficking in a controlled substance' or 'drug trafficking' as those terms are used in ordinary speech." 549 U. S., at 55, n. 6. Our decision today is not in conflict with this footnote; it is still true that recidivist simple possession offenses charged and prosecuted as such "clearly fall" within the definition of an aggravated felony. What we had no occasion to decide in *Lopez*, and what we now address, is what it means to be *convicted* of an aggravated felony. *Lopez* teaches us that it is necessary that the conduct punished under state law correspond to a felony punishable under the Controlled Substances Act to be an aggravated felony under §1101(a)(43)(B). But it does not instruct as to whether the mere possibility that conduct could be—but is not—charged as an offense punishable as a felony under federal law is sufficient.

Substances Act, the "maximum term of imprisonment authorized" must be "more than one year," 18 U. S. C. §3559(a)(5). Congress, recall, chose to authorize only a 1-year sentence for nearly all simple possession offenses, but it created a narrow exception for those cases in which a prosecutor elects to charge the defendant as a recidivist and the defendant receives notice and an opportunity to defend against that charge. See 21 U. S. C. §851; Part I, *supra*.

Indisputably, Carachuri-Rosendo's record of conviction contains no finding of the fact of his prior drug offense. Carachuri-Rosendo argues that even such a finding would be insufficient, and that a prosecutorial charge of recidivism and an opportunity to defend against that charge also would be required before he could be deemed "convicted" of a felony punishable under the Controlled Substances Act. In the absence of any finding of recidivism, we need not, and do not, decide whether these additional procedures would be necessary. Although a federal immigration court may have the power to make a recidivist finding in the first instance, see*, e.g.*, *Almendarez-Torres* v. *United States*, 523 U. S. 224, 247 (1998), it cannot, *ex post*, enhance the state offense of record just because facts known to it would have authorized a greater penalty under either state or federal law.[11] Carachuri-Rosendo

————————

[11] Our decision last Term in *Nijhawan* v. *Holder*, 557 U. S. ___ (2009), also relied upon by the Government, is not to the contrary. In that case, we rejected the so-called categorical approach employed in cases like *United States* v. *Rodriquez*, 553 U. S. 377 (2008), when assessing whether, under 8 U. S. C. §1101(a)(43)(M)(i), a noncitizen has committed "an offense that . . . involves fraud or deceit in which the loss to the . . . victims exceeds $10,000." Our analysis was tailored to the "circumstance-specific" language contained in that particular subsection of the aggravated felony definition. *Nijhawan*, 557 U. S., at ___ (slip op., at 8). And we specifically distinguished the "generic" categories of aggravated felonies for which a categorical approach might be appropriate—including the "illicit trafficking" provision—from the "circumstance-

was not actually "convicted," §1229b(a)(3), of a drug possession offense committed "after a prior conviction . . . has become final," §844(a), and no subsequent development can undo that history.[12]

The Government contends that if Carachuri-Rosendo had been prosecuted in federal court for simple possession under 21 U. S. C. §844(a) under identical circumstances, he would have committed an "aggravated felony" for immigration law purposes. Tr. of Oral Arg. 36–37. This is

————————

specific" offense at hand. *Id.*, at ___ (slip op., at 6–7, 8). Moreover, unlike the instant case, there was no debate in *Nijhawan* over whether the petitioner actually had been "convicted" of fraud; we only considered how to calculate the amount of loss once a conviction for a particular category of aggravated felony has occurred.

[12] Linking our inquiry to the record of conviction comports with how we have categorized convictions for state offenses within the definition of generic federal criminal sanctions under the Armed Career Criminal Act (ACCA), 18 U. S. C. §924(e). The United States urges that our decision in *Rodriquez*, 553 U. S. 377, an ACCA case, supports its position in this case. Brief for Respondent 29–30. To the extent that *Rodriquez* is relevant to the issue at hand, we think the contrary is true. In that decision we considered whether a recidivist finding under state law that had the effect of increasing the "maximum term of imprisonment" to 10 years, irrespective of the actual sentence imposed, made the offense a "serious drug offense" within the meaning of 18 U. S. C. §924(e)(1) and therefore an ACCA predicate offense. 553 U. S., at 382. We held that a recidivist finding could set the "maximum term of imprisonment," but only when the finding is a part of the record of conviction. *Id.*, at 389. Indeed, we specifically observed that "in those cases in which the records that may properly be consulted do not show that the defendant faced the possibility of a recidivist enhancement, it may well be that the Government will be precluded from establishing that a conviction was for a qualifying offense." *Ibid.* In other words, when the recidivist finding giving rise to a 10-year sentence is not apparent from the sentence itself, or appears neither as part of the "judgment of conviction" nor the "formal charging document," *ibid.*, the Government will not have established that the defendant had a prior conviction for which the maximum term of imprisonment was 10 years or more (assuming the recidivist finding is a necessary precursor to such a sentence).

so, the Government suggests, because the only statutory text that matters is the word "punishable" in 18 U. S. C. §924(c)(2): Whatever conduct might be "punishable" as a felony, regardless of whether it actually is so punished or not, is a felony for immigration law purposes. But for the reasons just stated, the circumstances of Carachuri-Rosendo's prosecution were not identical to those hypothesized by the Government. And the Government's abstracted approach to §924(c)(2) cannot be reconciled with the more concrete guidance of 8 U. S. C. §1229b(a)(3), which limits the Attorney General's cancellation authority only when the noncitizen has actually been "convicted of a[n] aggravated felony"—not when he merely could have been convicted of a felony but was not.

Second, and relatedly, the Government's position fails to give effect to the mandatory notice and process requirements contained in 21 U. S. C. §851. For federal law purposes, a simple possession offense is not "punishable" as a felony unless a federal prosecutor first elects to charge a defendant as a recidivist in the criminal information. The statute, as described in Part I, *supra*, at 3–4, speaks in mandatory terms, permitting "[n]o person" to be subject to a recidivist enhancement—and therefore, in this case, a felony sentence—"unless" he has been given notice of the Government's intent to prove the fact of a prior conviction. Federal law also gives the defendant an opportunity to challenge the fact of the prior conviction itself. §§851(b)–(c). The Government would dismiss these procedures as meaningless, so long as they may be satisfied during the immigration proceeding.

But these procedural requirements have great practical significance with respect to the conviction itself and are integral to the structure and design of our drug laws. They authorize prosecutors to exercise discretion when electing whether to pursue a recidivist enhancement. See *United States* v. *Dodson*, 288 F. 3d 153, 159 (CA5 2002)

("Whereas the prior version of [§851(a)] made enhancements for prior offenses mandatory, the new statutory scheme gave prosecutors discretion whether to seek enhancements based on prior convictions"). Because the procedures are prerequisites to an enhanced sentence, §851 allows federal prosecutors to choose whether to seek a conviction that is "punishable" as a felony under §844(a). Underscoring the significance of the §851 procedures, the United States Attorney's Manual places decisions with respect to seeking recidivist enhancements on par with the filing of a criminal charge against a defendant. See Dept. of Justice, United States Attorneys' Manual §9–27.300(B) comment. (1997), online at http://www.justice.gov/usao/eousa/foia_reading_room/usam/title9/27mcrm.htm#9-27.300 (as visited June 3, 2010, and available in Clerk of Court's case file). ("Every prosecutor should regard the filing of an information under 21 U. S. C. §851 . . . as equivalent to the filing of charges").

Many state criminal codes, like the federal scheme, afford similar deference to prosecutorial discretion when prescribing recidivist enhancements. Texas is one such State. See, *e.g.*, Tex. Penal Code Ann. §§12.42, 12.43 (West 2003) (recidivist enhancement is available "[i]f it is shown on the trial" that defendant was previously convicted of identified categories of felonies and misdemeanors). And, in this case, the prosecutor specifically elected to "[a]bandon" a recidivist enhancement under state law. App. 32a (reproducing state judgment). Were we to permit a federal immigration judge to apply his own recidivist enhancement after the fact so as to make the noncitizen's offense "punishable" as a felony for immigration law purposes, we would denigrate the independent judgment of state prosecutors to execute the laws of those sovereigns.

Third, the Court of Appeals' hypothetical felony approach is based on a misreading of our decision in *Lopez*.

We never used the term "hypothetical" to describe our analysis in that case. We did look to the "proscribe[d] conduct" of a state offense to determine whether it is "punishable as a felony under that federal law." 549 U. S., at 60. But the "hypothetical approach" employed by the Court of Appeals introduces a level of conjecture at the outset of this inquiry that has no basis in *Lopez.* It ignores both the conviction (the relevant statutory hook), and the conduct actually punished by the state offense. Instead, it focuses on facts known to the immigration court that could have *but did not* serve as the basis for the state conviction and punishment. As the Sixth Circuit has explained, this approach is really a "'hypothetical to a hypothetical.'" *Rashid* v. *Mukasey*, 531 F. 3d 438, 445 (2008). Not only does the Government wish us to consider a fictional federal felony—whether the crime for which Carachuri-Rosendo was actually convicted would be a felony under the Controlled Substances Act—but the Government also wants us to consider facts not at issue in the crime of conviction (*i.e.*, the existence of a prior conviction) to determine whether Carachuri-Rosendo *could have* been charged with a federal felony. This methodology is far removed from the more focused, categorical inquiry employed in *Lopez.*

Fourth, it seems clear that the Government's argument is inconsistent with common practice in the federal courts. It is quite unlikely that the "conduct" that gave rise to Carachuri-Rosendo's conviction would have been punished as a felony in federal court. Under the United States Sentencing Guidelines, Carachuri-Rosendo's recommended sentence, based on the type of controlled substance at issue, would not have exceeded one year and very likely would have been less than 6 months. See United States Sentencing Commission, Guidelines Manual §2D2.1(a)(3) (Nov. 2009) (base offense level of 4). And as was true in *Lopez,* the Government has provided us with

no empirical data suggesting that "even a single eager Assistant United States Attorney" has ever sought to prosecute a comparable federal defendant as a felon. 549 U. S., at 57–58. The Government's "hypothetical" approach to this case is therefore misleading as well as speculative, in that Carachuri-Rosendo's federal-court counterpart would *not*, in actuality, have faced any felony charge.

Finally, as we noted in *Leocal* v. *Ashcroft*, 543 U. S. 1, 11, n. 8 (2004), ambiguities in criminal statutes referenced in immigration laws should be construed in the noncitizen's favor. And here the critical language appears in a criminal statute, 18 U. S. C. §924(c)(2).

We note that whether a noncitizen has committed an "aggravated felony" is relevant, *inter alia*, to the type of relief he may obtain from a removal order, but not to whether he is in fact removable. In other words, to the extent that our rejection of the Government's broad understanding of the scope of "aggravated felony" may have any practical effect on policing our Nation's borders, it is a limited one. Carachuri-Rosendo, and others in his position, may now seek cancellation of removal and thereby avoid the harsh consequence of mandatory removal. But he will not avoid the fact that his conviction makes him, in the first instance, removable. Any relief he may obtain depends upon the discretion of the Attorney General.

\*  \*  \*

In sum, the Government is correct that to qualify as an "aggravated felony" under the INA, the conduct prohibited by state law must be punishable as a felony under federal law. See *Lopez*, 549 U. S., at 60. But as the text and structure of the relevant statutory provisions demonstrate, the defendant must *also* have been *actually convicted* of a crime that is itself punishable as a felony under federal law. The mere possibility that the defendant's

conduct, coupled with facts outside of the record of conviction, could have authorized a felony conviction under federal law is insufficient to satisfy the statutory command that a noncitizen be "convicted of a[n] aggravated felony" before he loses the opportunity to seek cancellation of removal. 8 U. S. C. §1229b(a)(3). The Court of Appeals, as well as the Government, made the logical error of assuming that a necessary component of an aggravated felony is also sufficient to satisfy its statutory definition.

## V

We hold that when a defendant has been convicted of a simple possession offense that has not been enhanced based on the fact of a prior conviction, he has not been "convicted" under §1229b(a)(3) of a "felony punishable" as such "under the Controlled Substances Act," 18 U. S. C. §924(c)(2). The prosecutor in Carachuri-Rosendo's case declined to charge him as a recidivist. He has, therefore, not been convicted of a felony punishable under the Controlled Substances Act.

The judgment of the Court of Appeals is reversed.

*It is so ordered.*

# SUPREME COURT OF THE UNITED STATES

No. 09–60

JOSE ANGEL CARACHURI-ROSENDO, PETITIONER *v.* ERIC H. HOLDER, JR., ATTORNEY GENERAL

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

[June 14, 2010]

JUSTICE SCALIA, concurring in the judgment.

I agree with the Court that Carachuri-Rosendo's 2005 conviction for simple possession of a tablet of Xanax in violation of Texas law is not a conviction for an "aggravated felony" under 8 U. S. C. §1101(a)(43)(B). But my reasoning is more straightforward than the Court's, and so I concur only in the judgment.

Under the Immigration and Nationality Act, the Attorney General may cancel the removal of an alien from the United States provided the alien "has not been convicted of any aggravated felony." §1229b(a)(3). There is no statutory definition of "convicted," but a "conviction" is defined to mean a "formal judgment of guilt of the alien entered by a court." §1101(a)(48)(A). The term "aggravated felony" includes, among many other offenses, "a drug trafficking crime (as defined in [18 U. S. C. §924(c)])." §1101(a)(43)(B). A "drug trafficking crime" is in turn defined as "any felony punishable under the Controlled Substances Act." 18 U. S. C. §924(c)(2).

It could be concluded from the provisions discussed above that only a *federal* conviction for a felony offense under the Controlled Substances Act would qualify under 8 U. S. C. §1101(a)(43)(B). But the penultimate sentence in §1101(a)(43) provides that the statutory definition of "aggravated felony" "applies to an offense described in this

paragraph whether in violation of Federal or State law." This language, we have said, confirms that "a state offense whose elements include the elements of a felony punishable under the [Controlled Substances Act] is an aggravated felony." *Lopez* v. *Gonzales*, 549 U. S. 47, 57 (2006).

The conceptual problem in the present case is that the only crime defined by 21 U. S. C. §844(a) of the Controlled Substances Act, simple possession of prohibited drugs, is a misdemeanor. That misdemeanor becomes a "felony punishable under the Controlled Substances Act" only because the sentencing factor of recidivism authorizes additional punishment beyond one year, the criterion for a felony. We held in *Almendarez-Torres* v. *United States*, 523 U. S. 224 (1998), that recidivism can constitutionally be made a sentencing factor rather than an element of the crime, despite the fact that it is used to increase the allowable sentence. And we said in *Lopez* that a "state possession crim[e] that correspond[s] to" the "felony violatio[n]" of "recidivist possession" in §844(a) "clearly fall[s] within the definitions used by Congress . . . in §1101(a)(43)(B) and . . . §924(c)(2)." 549 U. S., at 55, n. 6.

But to say all that is not to say that an alien has been "convicted of" an aggravated felony (which is what §1229b(a)(3) requires) when he has been convicted of nothing more than a second state misdemeanor violation, the punishment for which could, because of recidivism, be extended beyond one year. Just because, by reason of *Almendarez-Torres*, the federal misdemeanor offense has been raised to a felony offense without changing its elements, solely by increasing its penalty pursuant to a recidivist "sentencing factor"; it does not follow that when the question is asked whether someone has been "convicted of" a state offense that "corresponds" to the federal misdemeanor-become-felony, the answer can be sought in sentencing factors. A defendant is not "convicted" of sentencing factors, but only of the elements of the crime

charged in the indictment. In other words, a misdemeanor offense with a sentencing factor that raises its punishment to the felony level qualifies for purposes of establishing the elements of a "felony punishable under the Controlled Substances Act"; but does *not* qualify for purposes of determining what elements the alien has been "convicted of."

Here, Carachuri-Rosendo was only "convicted of" the crime of knowing possession of a controlled substance without a valid prescription, a Class A misdemeanor under Texas law. Tex. Health & Safety Code Ann. §§481.117(a) and (b) (West Supp. 2009). Since the elements of that crime did not include recidivism, the crime of his conviction did not "correspond" to the Controlled Substances Act felony of possession-plus-recidivism under 21 U. S. C. §844(a).

For these reasons, I concur in the judgment.

# SUPREME COURT OF THE UNITED STATES

_____

No. 09–60

_____

JOSE ANGEL CARACHURI-ROSENDO, PETITIONER *v.*
ERIC H. HOLDER, JR., ATTORNEY GENERAL

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF
APPEALS FOR THE FIFTH CIRCUIT

[June 14, 2010]

JUSTICE THOMAS, concurring in the judgment.

A plain reading of 18 U. S. C. §924(c)(2) identifies two requirements that must be satisfied for Carachuri-Rosendo's state conviction to qualify as a "'drug trafficking crime'" that renders him ineligible for cancellation of removal:* "First, the offense must be a felony; second, the offense must be capable of punishment under the Controlled Substances Act (CSA)." *Lopez* v. *Gonzales*, 549 U. S. 47, 61 (2006) (THOMAS, J., dissenting). Carachuri-Rosendo's offense of simple possession was "punishable under the [CSA]," §924(c)(2), and thus satisfied the second requirement, but his crime of conviction in state court was only a misdemeanor. Accordingly, that offense does not bar him from obtaining cancellation of removal.

The Fifth Circuit understandably felt constrained by this Court's decision in *Lopez* to rule otherwise. In *Lopez,* this Court held that "a state offense constitutes a 'felony punishable under the [CSA]' only if it proscribes conduct

————————

*See 8 U. S. C. §1229b(a) (permitting cancellation of removal); §1229b(a)(3) (barring aliens convicted of an "aggravated felony" from cancellation of removal); §1101(a)(43)(B) (defining "aggravated felony" as "illicit trafficking in a controlled substance . . . including a drug trafficking crime (as defined in [18 U. S. C. §924(c)])"); 18 U. S. C §924(c)(2) (defining "drug trafficking crime" to mean "any felony punishable under the Controlled Substances Act").

punishable *as a felony* under that federal law." *Id.*, at 60 (emphasis added). Though *Lopez* addressed a felony conviction under state law that did not correlate to a felony under the CSA, the Court's rule preordained the result in this case:

> "[T]he Court admits that its reading will subject an alien defendant convicted of a state misdemeanor to deportation if his conduct was punishable as a felony under the CSA. Accordingly, even if never convicted of an actual felony, an alien defendant becomes eligible for deportation based on a hypothetical federal prosecution." *Id.*, at 67 (THOMAS, J., dissenting).

Today, the Court engages in jurisprudential gymnastics to avoid *Lopez*. I will not contort the law to fit the case. *Lopez* was wrongly decided. But because a proper reading of the statutory text, see *id.,* at 60–63, supports the result the Court reaches today, I concur in the judgment.