REINHARDT, Circuit, Judge,
dissenting:
■Petitioner was charged with sale of a controlled substance — a substance that the state alleged in the information was methamphetamine. He pled no contest to a lesser included offense — possession of a controlled substance. Petitioner stipulated that there was a factual basis for his plea, but explained nothing further regarding the offense. The question in this case is not whether Petitioner actually possessed methamphetamine, as opposed to a drug that is not punishable under federal law. If that were the question, this case would be straightforward, as “the record does not contain any serious suggestion that [Petitioner possessed] any substance other than [methamphetamine].” Medina-Lara v. Holder, 771 F.3d 1106, 1115 (9th Cir.2014).
The question instead, however, is whether the record provides clear, unequivocal, and convincing evidence that Petitioner was convicted of possessing methamphetamine. See Carachuri-Rosendo v. Holder, 560 U.S. 563, 576, 130 S.Ct. 2577, 177 L.Ed.2d 68 (2010) (“The text [of the Immigration and Nationality Act] thus indicates that we are to look to the conviction itself as our starting place, not to what might have or could have been charged”). In answering that question, “whether [Petitioner] actually possessed ... [methamphetamine] ‘makes no difference.’ ” Medina-Lara, 771 F.3d at 1115 (quoting Descamps v. United States, — U.S. -, 133 S.Ct. 2276, 2286, 186 L.Ed.2d 438 (2013)). Rather, our limited task is to determine whether Petitioner’s plea to possession of a controlled substance, as a lesser included offense to sale of methamphetamine, necessarily constitutes a conviction for possession of methamphetamine.
Here, the specification of methamphetamine occurs only in the allegations contained in a count of the information to which Petitioner did not plead guilty. In fact, the plea was made to an entirely different statute not even mentioned in the information. In United States v. Vidal, 504 F.3d 1072 (9th Cir.2007) (en banc), we held that in order to allow us to infer that a defendant was convicted of the allegations in the information, “when the record of conviction comprises only the indictment and the judgment, the judgment must contain the critical phrase ‘as charged in the Information.’ ” Id. at 1087 (emphasis added) (citation omitted). In other words, Vidal made clear that a defendant is not convicted of the allegations unless he pleads guilty “as charged in the Information.” We have, in recent cases, made an exception to this rule in one situation, and one situation only: “[w]here ... the abstract of judgment unambiguously specifies that Defendant pleaded guilty to a specific count.” United States v. Torre-Jimenez, 771 F.3d 1163, 1169 (9th Cir.2014). We have not considered the allegations in the information when the defendant “pled guilty to an offense different from the one charged in the information.”[1] *1072 Martinez-Perez v. Gonzales, 417 F.3d 1022, 1029 (9th Cir.2005), abrogated on other grounds by United States v. Snellenberger, 548 F.3d 699 (9th Cir.2008) (en banc) (per curiam); see also Alvarado v. Holder, 759 F.3d 1121, 1131 (9th Cir.2014); Cisneros-Perez v. Gonzales, 465 F.3d 386, 393 (9th Cir.2006). This case obviously does not fall within the one exception we have created; rather, it obviously does fall within the class of cases in which the defendant pled guilty to a different offense than the one charged, and in which we consequently refused to review the allegations in the charging document when applying the modified categorical approach.
The majority opinion, however, adopts a new exception — for certain cases in which the defendant did not plead guilty to the offense charged in the indictment, but to a different statutory offense — an offense that constituted a lesser included offense to a crime that was charged in the information. It holds, in short, that because Petitioner was charged with selling a controlled substance, specified as methamphetamine in the information, and he pled no contest in his plea colloquy to a different criminal charge — the lesser included offense of possession of a controlled substance — the controlled substance he pled no contest to possessing was necessarily methamphetamine.[2]
The majority’s adoption of a new exception to Vidal for pleas to lesser included offenses as memorialized in a plea colloquy is unwarranted and unwise. Petitioner is removable only if he was “convicted” of a controlled substances offense as defined by federal law. 8 U.S.C. § 1227(a)(2)(B)(I). Therefore, as explained above, we must “look to the conviction itself as our starting place, not to what might have or could have been charged.” Carachuri-Rosendo, 560 U.S. at 576, 130 S.Ct. 2577. When a defendant pleads guilty , to a lesser included offense, however, he does “not plead guilty to, and therefore [is] not actually convicted of, the ... .charge contained in the indictment.” United States v. Bernal-Aveja, 414 F.3d 625, 627 (6th Cir.2005). In such a case, “the indictment alone is insufficient to meet the government’s burden of proving that [Petitioner] was previously convicted of a [controlled substances offense].” Id. (emphasis added). Moreover, the majority’s new exception dispenses with a simple rule — one that limits our review of an indictment to cases in which the defendant pled guilty “as charged in the information” or to a specific count in the information. Instead, it forces us into the often difficult task of reviewing what may well be near-impenetrable or highly ambiguous state case law on lesser included offenses in order to determine which of *1073 the allegations in the charging document necessarily constitute the factual basis for the lesser crime. This task, as the present ease demonstrates, is likely to result in considerable confusion and the faulty or erroneous application of state law,[3] as well as a holding-that is directly contrary to the spirit and purpose, if not the text, of the rule. our en banc court adopted only a • short time ago.
Even if the majority’s new rule were consistent with our precedent, I would nevertheless not adopt the additional exception to Vidal that it creates — an exception for certain cases in which the defendant pleads guilty to a different offense than the one charged. Indeed, I would adopt no more exceptions to Vidal than the one our court has already made for pleas to a specific count in the information. The primary benefit to the rule we announced in Vidal was that it ensured to the greatest extent- possible that defendants who might face deportation as the result of pleading guilty to a criminal charge would know with reasonable certainty whether their plea could have that consequence. Following Vidal, we refused to look to the factual allegations in the charging document unless the defendant explicitly pled guilty to those factual allegations — indeed, pled guilty “as charged in the information.” Although I would not have created an exception to Vidal in any case, at least until now we have done so only when the defendant pled guilty to a specific count in the charging document, thus directly connecting the defendant’s plea to the factual allegations in that document. See Medinar-Lara, 771 F.3d at 1113. When a defendant pleads guilty to a different offense than the one charged, however, we have no assurance that he knowingly pled guilty to the particular allegation in the charging document that triggers his eligibility for deportation.
It is vitally important that criminal defendants — particularly those who may face removal from this country as a result of their plea — “know the consequences of the decisions they make in crafting the plea agreement and other documents.” Cabantac v. Holder, 736 F.3d 787, 791 (9th Cir.2013) (Murguia, J., dissenting from the *1074 denial of rehearing en banc). As our court adopts new exceptions to Vidal, however, we increasingly “risk[ ] depriving criminal defendants who pled guilty in reliance on Vidal [or other cases in this area of law] of the benefit of their plea.” Id. at 792. Indeed, “even the most well advised defendant, negotiating a plea with the intention of avoiding adverse immigration consequences, could end up being deprived [of] the benefit of that negotiation if we ignore our own precedent and change the rules of the game after it has already been played.” Id.
This case is such an example. Prior to this case, we had never reviewed the allegations in a charging document when the defendant “pled guilty to an offense different from the one charged in the information.” Martinez-Perez, 417 F.3d at 1029. In fact, we abstained from doing so in a 2007 case involving the very petitioner in this case — Jose Reyes Alberto Ruiz-Vidal — in which the charges were identical to those in this case (including the specification of methamphetamine in the information), and the offense to which he pled guilty was identical to the one in this case (possession of a controlled substance, with no specification of the particular drug). See Ruiz-Vidal v. Gonzales, 473 F.3d 1072, 1074-75 (9th Cir.2007). We held that the petitioner was not removable for his offense precisely because he “did not plead guilty to an offense that was charged in the information” and, as a result, “there [was] simply no way for us to connect the references to methamphetamine in the charging document with the conviction under Cal. Health & Safety Code § 11377(a).” Id. at 1079.
It is, therefore, no surprise that in this case Petitioner carefully avoided any mention of methamphetamine during the plea colloquy and deliberately pled no contest to a different offense than the ones charged in the information. His prior experience had demonstrated that as long as he did exactly that, he could not be removed for his conviction. See I.N.S. v. St. Cyr, 533 U.S. 289, 322, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001) (“[A]lien defendants considering whether to enter into a plea agreement are acutely aware of the immigration consequences of their convictions.”). By adopting a new exception to Vidal, however, the majority disregards Petitioner’s reasonable reliance on the law of our circuit — indeed, law from which he had directly benefitted in an earlier case. Even worse, it disregards Petitioner’s decision to “waive several of [his] constitutional rights (including the right to a trial) and grant the government numerous ‘tangible benefits, such as promptly imposed punishment without the expenditure of prosecu-torial resources,’ ” principally in exchange for the immigration benefits he reasonably believed he would receive as a result of his plea. Id. (quoting Newton v. Rumery, 480 U.S. 386, 393 n. 3, 107 S.Ct. 1187, 94 L.Ed.2d 405 (1987)).
The majority’s decision is wrong and unjust. By adopting a new exception to Vidal and applying it in this case, the majority opinion effectively “attaches] new legal consequences to past decisions,” and thereby “disrupts] settled expectations and actions taken in reliance on them.” Magana-Pizano v. I.N.S., 200 F.3d 603, 613 (9th Cir.1999) (quoting Jeffries v. Wood, 114 F.3d 1484, 1494 (9th Cir.1997)) (internal quotation marks omitted). To avoid the inevitable, unjust consequences of eviscerating Vidal through creeping exceptions and of undermining the certainty of circuit law, I would cease our practice of creating new exceptions whenever we feel like doing so and in any event would not utilize that insidious practice in a case in which a defendant may suffer extremely severe consequences as a result of relying on our law as it was at the *1075 time he waived his constitutional rights. I dissent.

. The cases cited by the majority support this statement. The majority, for example, cites Cabantac v. Holder, 736 F.3d 787 (9th Cir.2013) (per curiam), United States v. Leal-Vega, 680 F.3d 1160 (9th Cir.2012), and United States v. Valdavinos-Torres, 704 F.3d 679 (9th Cir.2012). All of those cases involved circumstances in which we considered the conduct alleged in a count of an indictment specifically because the defendant pled guilty to that particular count — not some other, related offense. See Cabantac, 736 F.3d at 793-94; Leal-Vega, 680 F.3d at 1168; Valdavi-nos-Torres, 704 F.3d at 688; see also Torre-Jimenez, 771 F.3d at 1168 (listing Cabantac, Leal-Vega, and Valdavinos-Torres as cases that support the rule that ''[wjhere the minute order or other equally reliable document *1072 specifies that a defendant pleaded guilty to a particular count of a cnminal complaint, the court may consider the facts alleged in the complaint” (citation omitted) (internal quotation marks omitted)).

. The majority objects to my characterization of its opinion as a new exception to Vidal. It argues that Vidal does not control because, whereas in Vidal there was no "memorialization of the factual basis for [the] plea,” Vidal, 504 F.3d at 1090, in this case there was such a memorialization in the plea colloquy. The majority is incorrect. The plea colloquy here does not memorialize the factual basis for the plea; it reveals only that there was a factual basis for the plea, and that the plea was to the lesser included offense to the one charged. It does not include an admission that the drug Petitioner pled no contest to possessing was methamphetamine. Indeed, "methamphetamine” was not mentioned during the entirety of the plea colloquy. Thus, unlike in the "numerous cases in which we have relied on the factual basis stipulated to during a plea colloquy,” Maj. Op. at 1070, here the plea colloquy alone is insufficient to connect Petitioner’s plea to a drug he would be removable for possessing. Recognizing this fact, the government relies on the facts alleged in the charging document in attempting to carry its burden. In that circumstance, Vidal controls.

. The complexity and uncertainty of that task is well illustrated here. Although Petitioner pled no contest to the lesser included offense to sale of a controlled substance, the offense to which he pled no contest — possession of a controlled substance — is not a lesser included offense to the crime charged — sale of a controlled substance — under at least one of the tests used by California courts. Under California’s elements test, “possession of a controlled substance cannot be a necessarily lesser included offense of selling or offering to sell ... because the former crime contains elements a sales offense does not: knowing possession of a usable quantity.” People v. Peregrina-Larios, 22 Cal.App.4th 1522, 28 Cal.Rptr.2d 316 (1994); see also Judicial Council of California Criminal Jury Instructions, 1 CALCRIM No. 2300 (2015). Moreover, under that test the particular drug alleged in the information is not relevant to determining a lesser included offense. See People v. Sosa, 210 Cal.App.4th 946, 148 Cal.Rptr.3d 826, 828-29 (2012). Under the accusatory pleading test, the “specific language of the accusatory pleading” must include all of the elements of the lesser offense. People v. Moses, 43 Cal.App.4th 462, 50 Cal.Rptr.2d 665, 668 (1996). In this case, the first count in the accusatory pleading — the count to which Petitioner pled no contest to the lesser included offense — does not include any specific language concerning possession of methamphetamine; it merely repeats the language in the sale statute. There is an excess clause as to count one including the allegation that Petitioner "possessed for sale/sold ... methamphetamine,” but that allegation could be satisfied by Petitioner selling methamphetamine without possessing it for sale. In short, rather than clear, unequivocal', and convincing evidence that Petitioner pled no contest to possession of methamphetamine, the record in this case reveals ambiguity and confusion regarding the meaning of Petitioner’s plea to a lesser included offense.