[No. F023233. Fifth Dist. Mar. 11, 1996.]

THE PEOPLE, Plaintiff and Respondent, v.
DANIEL CLAIR MOSES, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts I and III.

## COUNSEL

Jose R. Valdez, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, W. Scott Thorpe and J. Robert Jibson, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**WISEMAN, J.**—Defendant and appellant, Daniel Clair Moses (defendant), was convicted of two counts of detention of a child (his two children [Kayleigh, age five at the time of trial, and Kyle, age four at the time of trial]) with intent to deprive another (the children's mother, Renee Moses [Renee]) of the right to custody, in violation of Penal Code section 278.5.[1]

The court denied probation and sentenced Moses to state prison for the middle term of two years on each count, to run concurrently. Defendant filed a timely notice of appeal and now raises three issues: (1) was there sufficient evidence of defendant's intent to deprive Renee of her custodial rights to sustain a conviction of child detention; (2) is contempt a lesser included offense of section 278.5; and (3) did the trial court state adequate reasons for imposing a prison sentence thereby denying probation. We conclude the court correctly denied defendant's motion for judgment of acquittal under section 1118.1; contempt is not a lesser included offense to section 278.5; and the court did not err in denying defendant probation.

### PROCEDURAL AND FACTUAL HISTORY

In October 1994, defendant was charged by information with two counts of detention or concealment of a child with intent to deprive another of the right to custody, in violation of section 278.5.[2] The defendant pled not guilty to both counts.

A two-day jury trial began on January 10, 1995. At the close of the prosecution's case, the defendant made a motion under section 1118.1 for a

---

[1]All statutory references are to the Penal Code unless otherwise indicated.

[2]Section 278.5 provides: "Every person who has a right to physical custody of or visitation with a child pursuant to an order, judgment, or decree of any court which grants another person, guardian, or public agency right to physical custody of or visitation with that child, and who within or without the state detains, conceals, takes, or entices away that child with the intent to deprive the other person of that right to custody or visitation shall be punished by imprisonment in the state prison for 16 months, or two or three years, a fine of not more than

judgment of acquittal. The motion was denied, based on the court's finding there was sufficient credible evidence in the record "that the jurors could very well find the evidence sustains the charges." On the second day of the trial, the jury returned a verdict of guilty on both counts.

On February 9, 1995, the court denied defendant's motion for a new trial, denied probation, and sentenced defendant to state prison for the middle term of two years on each count, to run concurrently. Defendant's notice of appeal was filed on February 10, 1995.

## FACTUAL HISTORY

The facts presented during the prosecution's case-in-chief are summarized below in the discussion of whether the court properly denied defendant's motion to acquit. In the interest of brevity, we do not repeat them here.

In his defense, defendant testified that when he picked up his children on June 29, 1994, he intended to return them at the end of the regular visitation period, which he understood to be July 9, 1994.

He was unable to return the children in a timely manner because he had no transportation. When defendant's visitation period began, he "was intending for us all to travel back, us all meaning Kyle, myself, Eric [my brother], his daughter Breanne, and Kayleigh together at the end of the visitation." However, he discovered around July 8, 1994, that his brother's truck had broken down. When asked when the truck had broken down, defendant responded it was sometime prior to June 19, 1994 (several days *before* he departed from Utah to pick up his children in Bakersfield).

Although defendant requested help from his family and friends, he was unable to arrange another method of transportation. Defendant did not have the funds to rent a car or to fly the children home and he made no efforts to borrow the money to provide such transportation.

---

ten thousand dollars ($10,000), or both; or by imprisonment in a county jail for a period of not more than one year, a fine of not more than one thousand dollars ($1,000), or both."

Section 278.5 is part of a chapter entitled "Child Abduction," which defines five crimes involving the taking, detention or concealment of a child from a parent or other person having a right of custody. (See §§ 277, 278, 278.5, 279 & 280.) For simplicity, the crime under section 278.5 will sometimes be referred to as "child detention."

## DISCUSSION

I. *The motion to acquit was properly denied.**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

II. *Contempt is not a lesser included offense of child detention.*

■ There are three types of lesser offenses: (1) *attempts* to commit a charged offense; (2) *lesser included* offenses; and (3) *lesser related* offenses. (2 CALJIC (5th ed. pocket pt., appen. C) p. 269.) ■ In this case, defendant contends the trial court erred by failing to give a sua sponte instruction on the lesser included offense of contempt of court under section 166, subdivision (a)(4).[4]

The threshold issue is whether contempt is a lesser included offense of child detention giving rise to a sua sponte duty to instruct (*People* v. *Cooper* (1991) 53 Cal.3d 771, 827 [281 Cal.Rptr. 90, 809 P.2d 865]), or a lesser related offense, where there is no obligation to instruct if the defendant has not requested an instruction. (*People* v. *Geiger* (1984) 35 Cal.3d 510, 530 [199 Cal.Rptr. 45, 674 P.2d 1303, 50 A.L.R.4th 1055].)

■ There are two tests to determine if an offense is a lesser included offense of another: "(1) the greater statutory offense cannot be committed without committing the lesser because all of the elements of the lesser offense are included in the elements of the greater; or (2) . . . the charging allegations of the accusatory pleading include language describing it in such a way that if committed in that manner the lesser offense must necessarily be committed. [Citations.]" (*People* v. *Clark* (1990) 50 Cal.3d 583, 636 [268 Cal.Rptr. 399, 789 P.2d 127].)

These tests apply to two different categories of lesser included offenses which have been recognized in California. (*People* v. *St. Martin* (1970) 1 Cal.3d 524, 536 [83 Cal.Rptr. 166, 463 P.2d 390].) The first category of lesser included offenses is determined by the "legal elements" test. This test identifies the type of offense which, as a matter of law, is always included within the charged offense. This relatively small category applies to the case

---

*See footnote, *ante*, page 462.

[4]Section 166, subdivision (a) currently provides that "every person guilty of any contempt of court, of any of the following kinds, is guilty of a misdemeanor: [¶] . . . [¶] (4) willful disobedience of any process or order lawfully issued by any court." The parties refer to the section as "166(4)," however, the 1993 amendment to section 166 (Stats. 1993, chs. 345, 583) added subdivisions (a), (b) and (c). Apart from changing the appellation of the relevant subdivision to "(a)(4)," the 1993 amendments are not relevant to this case.

where, by legal definition, the charged offense cannot be committed without committing the lesser offense, because all the elements of the lesser offense are included in the elements of the greater offense. (*People* v. *Lagunas* (1994) 8 Cal.4th 1030, 1034 [36 Cal.Rptr.2d 67, 884 P.2d 1015]; *People* v. *Clark, supra,* 50 Cal.3d at p. 636; *People* v. *St. Martin, supra,* 1 Cal.3d at p. 536.)

A case-by-case analysis under the "accusatory pleading" test is required to delineate the second category of included offenses. This category applies when an offense is not a lesser included offense as a *matter of law* under the "legal elements" test, however, the offense may, *in fact*, be a lesser included offense of the charged offense based on the specific language of the accusatory pleading. (*People* v. *Lagunas, supra,* 8 Cal.4th at p. 1034; *People* v. *St. Martin, supra,* 1 Cal.3d at p. 536.)

   a.   *Legal elements test.*

▮   Our first inquiry is whether the crime of child detention under the provisions of section 278.5 can be committed without committing contempt. If it can, then contempt is not a lesser included offense under the "legal elements" test. (*People* v. *Wolcott* (1983) 34 Cal.3d 92, 99 [192 Cal.Rptr. 748, 665 P.2d 520].)

Defendant argues he "necessarily had to violate the custody and visitation order by some act which detained, concealed, took or enticed away his children in violation of the rights to custody or visitation given his former wife through the order, judgment or decree." Therefore, defendant concludes contempt is a lesser included offense of child detention, because child detention cannot be committed without violation of some order granting support or visitation.

In *People* v. *Lortz* (1982) 137 Cal.App.3d 363 [187 Cal.Rptr. 89], the father had the right to custody of his child under a custody decree, and the mother had specific visitation rights. The father took the child to another state and was charged with a violation of former section 278.5, subdivision (a), which provided in pertinent part: "Every person who in violation of a custody decree takes, retains after the expiration of a visitation period, or conceals the child from his legal custodian, *and* every person who has custody of a child pursuant to an order, judgment or decree of any court which grants another person rights to custody or visitation of such child, and who detains or conceals such child with the intent to deprive the other person of such right to custody or visitation shall be punished . . . [by imprisonment or fine or both]." (*Lortz, supra,* at p. 366, italics added.)

In *Lortz*, the court found defendant was charged under the second portion of subdivision (a), which did not require "a violation of custody decree." The court reasoned: "Although it could be argued that inherent in the custodial parent's concealment of a child with the intent to deprive the noncustodial parent of her right of visitation is a violation of the visitation order, the Legislature did not see fit to make such violation an element of the crime punishable under the second portion of [former] subdivision (a)." (*People* v. *Lortz*, *supra*, 137 Cal.App.3d at p. 369.)

When section 278.5 was amended in 1989 to delete the then existing reference to "violation of the physical custody or visitation provisions of a custody order, judgment, or decree," found in the former subdivision (a) of that section (Stats. 1989, ch. 1428, § 4, p. 6320), the Legislative Counsel's Digest described the change as follows:

"Existing law makes it either a misdemeanor or a felony for a person who is in violation of the physical custody or visitation provisions of a custody order to take, detain, conceal, or retain the child with the intent to deprive another of his or her right to physical custody or visitation.

"This bill would delete those provisions." (Legis. Counsel's Dig., Sen. Bill No. 1156, 4 Stats. 1989 (Reg. Sess.) Summary Dig., p. 609.)

At trial, the parties did not dispute the three elements required to prove a violation of section 278.5 set forth in CALJIC No. 9.71 (1991 rev.), which are: (1) defendant had a right to visitation with the children pursuant to a court order; (2) the order granted Renee a right to custody of the children; and (3) defendant detained the children with the specific intent to deprive Renee of her right to custody. When former CALJIC No. 9.71 is compared with CALJIC No. 9.71 (1991 rev.), it is apparent that, excluding the title, the 1991 revision deletes all references to violation of a custody order, judgment or decree contained in former CALJIC No. 9.71 (5th ed. 1988 bound vol.). Considering the effect of the 1989 amendment to section 278.5 and the reasoning of *Lortz*, we find that violation of a custody and visitation order is not an element of the charged crime of child detention.

By the same token, violation of a lawful court order clearly is an element of contempt under section 166, subdivision (a)(4), which requires the "willful disobedience of any process or order lawfully issued by any court." Punishment for this type of contempt can rest only upon a clear, intentional violation of a specific, narrowly drawn order. Specificity of the order is an essential prerequisite of the contempt citation. (*Wilson* v. *Superior Court* (1987) 194 Cal.App.3d 1259, 1271-1273 [240 Cal.Rptr. 131]; *Ketscher* v. *Superior Court* (1970) 9 Cal.App.3d 601, 604-605 [88 Cal.Rptr. 357].)

In the case before us, the order of Judge Anspach dated May 31, 1994, concerning child custody and visitation (May 1994 order) provides many specific times for the beginning and ending hours of various types of visitation. For example, regular weekend visitation commences on Friday at 5 p.m. and ends on Sunday at 6 p.m. The Christmas vacation period is divided between the parties with defendant having the right to the first week of Christmas vacation in odd-numbered years "beginning Friday at 5:00 p.m. when school recesses until the following Friday at 5:00 p.m." Beginning and ending hours are also provided for many other holiday and birthday visitation periods.

The May 1994 order is silent with respect to the beginning and ending hours of defendant's right to "two weeks non-contiguous" summer visitation with the children, presumably to afford defendant and Renee some flexibility in determining the dates. To prove contempt, the prosecution would have to demonstrate defendant willfully violated the May 1994 order, which obviously did not specify that defendant was to return the children at the end of an eight-day out-of-state summer visitation on July 7, 1994, at 6 p.m. Under such circumstances, a contempt proceeding would seek to enforce, not the precise order as written, but the order as amplified by the agreement of defendant and Renee. "Not only does punishment for contempt under these conditions rest upon an impermissible delegation of judicial power, but it also violates the requirement that the court order be precise and contain all the commands to be enforced, if necessary, by a contempt citation." (*Wilson* v. *Superior Court, supra,* 194 Cal.App.3d at p.1273; *Ketscher* v. *Superior Court, supra,* 9 Cal.App.3d at pp. 604-605.)

Accordingly, we conclude contempt is not a lesser included offense to the crime of child detention under the "legal elements" test.[5]

b. *Accusatory pleading test.*

Although contempt is not a lesser included offense of child detention as a *matter of law,* it may be a lesser included offense *in fact,* depending upon the specific language of the accusatory pleading. Under the second "accusatory

[5]Defendant contends the language of companion section 277 clearly shows "application of 278.5 depends on the existence and violation of a court order." Without going into a lengthy discussion, we reject this argument since it ignores the historical development of the child abduction crimes which can be committed by a parent. Suffice it to say, section 277 covers custody disputes between parents, arising in the absence of a court order determining custody and/or visitation rights to the child, where one parent maliciously detains the child with the intent to deprive the other parent of that parent's equal statutory right to custody of the child under Family Code section 3010. This interpretation gives meaning to both section 277 and section 278.5.

pleading" test, we review the information to determine whether the accusatory pleading describes the crime of child detention in such a way that if committed in the manner described, contempt must necessarily be committed. Defendant addresses this issue briefly and simply concludes the "language of the accusatory pleading alleging a violation of Penal Code § 278.5 necessarily encompasses the existence *and violation of an order, judgment, or decree of any court."*

Defendant fails to discuss the specific charging language in this case, which adds the phrase, "willfully and unlawfully," not found in the wording of section 278.5. The language of both counts is essentially the same, charging: "ON OR ABOUT JULY 9, 1994, [DEFENDANT], DID WILLFULLY AND UNLAWFULLY, WHILE HAVING A RIGHT TO PHYSICAL CUSTODY OR VISITATION PURSUANT TO AN ORDER, JUDGEMENT [*sic*] OR DECREE OF A COURT WHICH GRANTS ANOTHER PERSON, GUARDIAN OR PUBLIC AGENCY RIGHT TO PHYSICAL CUSTODY OR VISITATION, AND WITH INTENT TO DEPRIVE ANOTHER OF THAT RIGHT TO CUSTODY OR VISITATION, DETAIN, CONCEAL, TAKE OR ENTICE AWAY [KAYLEIGH/KYLE], WITHIN OR WITHOUT THE STATE OF CALIFORNIA, IN VIOLATION OF PENAL CODE SECTION 278.5 A FELONY." In essence, it is charged that defendant did willfully and unlawfully detain the children, in violation of section 278.5—*not* in violation of a court order—while having a right to visitation pursuant to a court order which grants another person the right to physical custody.

In our review of these charging allegations, it is helpful to consider the statutory method of charging an offense set forth in section 952 to determine if the language charges contempt under any of the usual methods. Section 952 provides that in charging an offense, each count must contain a statement that the accused has committed some specified public offense. The section permits such a statement to be made in any of the following three ways: (1) ordinary and concise language, (2) the words of the statute, or (3) any words sufficient to give the accused notice of the offense. (§ 952.)

In the case before us, the charging allegations of the information do not (1) allege in ordinary and concise language that defendant willfully disobeyed the May 1994 order,[6] (2) allege in the language of section 166, subdivision (a)(4), that defendant willfully disobeyed an order lawfully issued by any court, or (3) describe defendant's violation of section 278.5 in any words sufficient to give him notice he is accused of committing the crime of contempt.

---

[6]For example, the information could allege that on July 9, 1994, defendant willfully disobeyed specific provisions (identified by description) of a lawful custody and visitation order (the May 1994 order, identified by giving the date, the name of the judge making the order and the title of the case in which the order was made).

Although the information alleges defendant willfully and unlawfully violated section 278.5 by detaining the children while another person had a right to physical custody pursuant to a court order, the information lacks any type of allegation that defendant willfully *disobeyed an order* lawfully issued by the court. Since the information does not describe the crime of child detention in a way which necessarily includes the crime of contempt, we conclude, under the "accusatory pleading" test, that contempt is not a lesser included offense of child detention. Accordingly, the trial court had no sua sponte duty to give instructions on the crime of contempt.

III.   *The trial court stated adequate reasons to justify a prison sentence.*\*

. . . . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

The judgment is affirmed.

Martin, Acting P. J., and Thaxter, J., concurred.

A petition for a rehearing was denied April 3, 1996, and appellant's petition for review by the Supreme Court was denied May 29, 1996.

---

\*See footnote, *ante,* page 462.