[No. B237628. Second Dist., Div. One. Oct. 30, 2012.]

THE PEOPLE, Plaintiff and Respondent, v.
SERGIO SOSA, Defendant and Appellant.

## COUNSEL

Christian C. Buckley, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Scott A. Taryle and John Yang, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**ROTHSCHILD, Acting P. J.**—Sergio Sosa challenges his conviction for possession of a controlled substance, in violation of subdivision (a) of Health and Safety Code section 11350, on the ground that it is a lesser included offense of possession of a controlled substance while armed with a firearm, in violation of subdivision (a) of Health and Safety Code section 11370.1, of which he was also convicted on the basis of the same conduct.[1] We reject his argument because some of the controlled substances listed in subdivision (a) of section 11370.1 are not listed in subdivision (a) of section 11350, making it possible to commit the putatively greater offense without committing the putatively lesser offense. We therefore affirm the judgment.

### BACKGROUND

The information charged Sosa with one count of possession of a firearm by a felon in violation of subdivision (a)(1) of Penal Code former section 12021 (count 1), one count of possession of a controlled substance while armed with a firearm in violation of subdivision (a) of Health and Safety Code section 11370.1 (count 2), and one count of possession of a controlled substance in violation of subdivision (a) of section 11350 (count 3). The information further alleged that Sosa had suffered one prior serious or violent felony conviction within the meaning of subdivisions (a) through (d) of Penal Code section 1170.12 and subdivisions (b) through (i) of Penal Code section 667 (the three strikes law).

Sosa initially pleaded not guilty and denied all special allegations. He later decided to proceed with an open plea of guilty on all charges and an admission of the truth of the allegations.

---

[1] All subsequent statutory references are to the Health and Safety Code unless otherwise indicated.

The trial court sentenced Sosa to four years in state prison, calculated as follows: the low term of 16 months on count 1, doubled pursuant to the three strikes law, plus eight months (one-third of the midterm) on count 3, doubled pursuant to the three strikes law. The court stayed imposition of sentence on count 2 pursuant to Penal Code section 654. The court also imposed various statutory fines and fees, ordered Sosa to provide DNA samples, and credited him with one day of presentence custody. Sosa appealed after seeking and obtaining a certificate of probable cause.

The evidence introduced at the preliminary hearing showed the following facts: In the morning of November 3, 2010, a Los Angeles County Sheriff's deputy saw Sosa discard a plastic bag containing a white powdery substance, which was later determined by laboratory analysis to contain cocaine. The deputy searched Sosa and found that he was carrying a handgun.

## DISCUSSION

Sosa argues that his conviction on count 3 (possession of a controlled substance) must be vacated because it is a lesser included offense of count 2 (possession of a controlled substance while armed with a firearm). We disagree.

■ "A defendant . . . cannot be convicted of both an offense and a lesser offense necessarily included within that offense, based upon his or her commission of the identical act." (*People v. Sanchez* (2001) 24 Cal.4th 983, 987 [103 Cal.Rptr.2d 698, 16 P.3d 118].) "In deciding whether multiple conviction is proper, a court should consider only the statutory elements. Or, as formulated in [*People v. Scheidt* (1991) 231 Cal.App.3d 162 [282 Cal.Rptr. 228]], 'only a statutorily lesser included offense is subject to the bar against multiple convictions in the same proceeding. An offense that may be a lesser included offense because of the specific nature of the accusatory pleading is not subject to the same bar.' [Citation.]" (*People v. Reed* (2006) 38 Cal.4th 1224, 1229 [45 Cal.Rptr.3d 353, 137 P.3d 184].)

■ Sosa was charged in count 3 with violating subdivision (a) of section 11350 (possession of a controlled substance), and in count 2 he was charged with violating subdivision (a) of section 11370.1 (possession of a controlled substance while armed with a firearm). Under the statutory elements test, count 3 is not a lesser included offense of count 2, because it is possible to violate subdivision (a) of section 11370.1 without violating subdivision (a) of section 11350. The reason is that the lists of controlled substances in the two statutes differ. An individual who unlawfully possesses methamphetamine while armed with a firearm violates subdivision (a) of section 11370.1 but does not violate subdivision (a) of section 11350, because subdivision (a) of

section 11350 does not prohibit possession of methamphetamine. (See *People v. Williams* (2009) 170 Cal.App.4th 587, 643–645 [88 Cal.Rptr.3d 401] [holding for similar reasons that a violation of § 11377, subd. (a), is not a lesser included offense of a violation of § 11370.1, subd. (a)].)

■ Sosa points out that he was convicted on both counts for possessing cocaine, which is listed as a controlled substance in both subdivision (a) of section 11350 and subdivision (a) of section 11370.1. Under the statutory elements test, however, that point is irrelevant. The dispositive question is whether, considering only the statutory elements, it is possible to violate subdivision (a) of section 11370.1 without violating subdivision (a) of section 11350. It is.

Sosa also relies upon *People v. Milward* (2011) 52 Cal.4th 580 [129 Cal.Rptr.3d 145, 257 P.3d 748] (*Milward*), but his reliance is misplaced. In *Milward*, the Supreme Court held that using an instrument other than a firearm is not an element of assault with a deadly weapon other than a firearm under Penal Code section 245, subdivision (a)(1), so that offense is a lesser included offense of assault with a firearm under Penal Code section 245, subdivision (a)(2). (*Milward, supra*, 52 Cal.4th at pp. 587–588.) For example, if a jury found beyond a reasonable doubt that the defendant committed an assault with a deadly weapon, but the jury was uncertain about whether the weapon was a firearm, the jury could still convict under subdivision (a)(1) of Penal Code section 245—failure to use a firearm is not itself an element that the jury must find beyond a reasonable doubt. (*Milward, supra*, 52 Cal.4th at pp. 587–588.)

*Milward* does not aid Sosa because he does not and cannot argue that possession of a controlled substance listed in subdivision (a) of section 11370.1 is not an element of the crime defined by that statute. If a jury found beyond a reasonable doubt that the defendant possessed a controlled substance while armed with a firearm, but the jury was uncertain about whether the controlled substance was one of the ones listed in subdivision (a) of section 11370.1, then the jury could not convict under that statute. *Milward* is therefore inapplicable.

For all of the foregoing reasons, we reject Sosa's argument and affirm the judgment.

## DISPOSITION

The judgment is affirmed.

Chaney, J., and Johnson, J., concurred.

Appellant's petition for review by the Supreme Court was denied January 30, 2013, S206962.