**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE REYES RUIZ-VIDAL, *Petitioner*, v. LORETTA E. LYNCH, Attorney General, *Respondent*. | No. 11-73433 Agency No. A034-639-824 ORDER AND OPINION |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
January 6, 2014—Pasadena, California

Filed October 9, 2015

Before: Stephen Reinhardt, Alex Kozinski
and Richard R. Clifton, Circuit Judges.

Opinion by Judge Kozinski;
Dissent by Judge Reinhardt

## SUMMARY[*]

### Immigration

The panel withdrew its prior opinion and dissent, filed an amended opinion and dissent, denied a petition for panel rehearing and denied on behalf of the court a petition for rehearing en banc in a case in which the Board of Immigration Appeals found Jose Reyes Alberto Ruiz-Vidal removable because he was convicted of a controlled substance offense.

Denying Ruiz-Vidal's petition for review, the panel held that he was removable because he was convicted of an offense relating to a controlled substance covered by the Controlled Substances Act, due to his no contest plea to simple possession under California Health & Safety Code § 11377(a), a lesser included offense to Count 1 of the Information, sale of methamphetamine in violation of CHSC § 11379(a).

Applying the modified categorical approach, the panel held that clear and convincing evidence in documents permissible for review established that Ruiz-Vidal pleaded to and was convicted of possession of methamphetamine, a controlled substance.

Dissenting, Judge Reinhardt would ask rather whether the record provided clear, unequivocal, and convincing evidence that Ruiz-Vidal was convicted of possessing

---

[*] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

methamphetamine, and would determine whether his plea to possession of a controlled substance, as a lesser included offense to sale of methamphetamine, necessarily constitutes a conviction for possession of methamphetamine. Judge Reinhardt also wrote that the majority's adoption of a new exception to *United States v. Vidal*, 504 F.3d 1072 (9th Cir. 2007) (en banc), for pleas to lesser included offenses as memorialized in a plea colloquy is unwarranted and unwise.

## COUNSEL

Christopher G. Clark (argued), Catherine R. Holmes and Gregory L. Shiferman, Boston, Massachusetts, for Petitioner.

Stuart F. Delery, Principal Deputy Assistant Attorney General, Richard M. Evans and Mary Jane Candaux, Assistant Directors, Michael C. Heyse (argued) and Virginia Lum, Attorneys, United States Department of Justice, Civil Division, Washington, D.C., for Respondent.

## ORDER

The opinion and dissent filed on June 17, 2015, and published at 789 F.3d 1065, are hereby withdrawn and replaced by the amended opinion and dissent filed concurrently with this order. With these amendments, Respondent's motion to amend the published decision is granted. The petition for panel rehearing is denied. Judge Reinhardt would grant it. The petition for rehearing en banc is denied. *See* Fed. R. App. P. 35. No further petitions for panel rehearing or rehearing en banc will be entertained.

**OPINION**

KOZINSKI, Circuit Judge:

Jose Reyes Alberto Ruiz-Vidal, a native and citizen of Mexico, has lived in the United States since August 1976 as a lawful permanent resident, but he hasn't behaved himself. Among other transgressions, he's been charged with methamphetamine-related crimes at least twice before and, as a result, has repeatedly faced deportation proceedings. We're tasked with reviewing his latest dalliance. We consider whether he is removable due to his no contest plea to a lesser included offense when we apply the modified categorical approach.

**I.**

In 2009, California filed an Information charging Ruiz-Vidal with sale and possession for sale of a controlled substance, which the Information identified as methamphetamine. Ruiz-Vidal pleaded no contest to simple possession—a lesser included offense of the sale charge. He was sentenced to time served and five years felony probation.

The Department of Homeland Security served Ruiz-Vidal with a Notice to Appear, and an Immigration Judge concluded that Ruiz-Vidal was removable because he was convicted of "a controlled substance offense which can be identified as methamphetamine." He appealed to the Board of Immigration Appeals, which agreed with the Immigration Judge. We review Ruiz-Vidal's petition to vacate the removal order.

## II.

An alien is removable if the government proves by clear and convincing evidence that he's been convicted of certain offenses "relating to a controlled substance" covered by the Controlled Substances Act ("CSA"). 8 U.S.C. § 1227(a)(2)(B)(i); *see Cabantac* v. *Holder*, 736 F.3d 787, 792 (9th Cir. 2013) (per curiam) (as amended). We review whether Ruiz-Vidal was convicted of a controlled substance offense de novo. *Cabantac*, 736 F.3d at 792. To determine whether an alien's offense qualifies as one "relating to a controlled substance" covered by the CSA, we compare the elements of the state statute of conviction to the offense as defined by federal law. *See Taylor* v. *United States*, 495 U.S. 575, 602 (1990); *Alvarado* v. *Holder*, 759 F.3d 1121, 1126, 1130 (9th Cir. 2014).

California Health and Safety Code § 11377(a) is "a divisible statute, and thus, we apply the modified categorical approach" to analyze Ruiz-Vidal's conviction and determine whether it involved a substance included in the CSA. *Coronado* v. *Holder*, 759 F.3d 977, 981 (9th Cir. 2014) (as amended); *Ruiz-Vidal* v. *Gonzales*, 473 F.3d 1072, 1078 (9th Cir. 2007) (yep, that's our guy), *abrogation on other grounds recognized by Ragasa* v. *Holder*, 752 F.3d 1173, 1175 (9th Cir. 2014) (as amended). Section 11377(a) lists alternative potential offense elements, "some of which are contained in the CSA and some of which are not." *Coronado*, 759 F.3d at 984. For example, chorionic gonadotropin isn't on Schedule III of the CSA, but *is* on California's Schedule III. *Id.* at 983 n.1; *see also* Cal. Health & Safety Code § 11056(f)(32). Where a statute is divisible we're permitted to review certain documents to determine which alternative in the statute

applies. *Descamps* v. *United States*, 133 S. Ct. 2276, 2281 (2013).

**1.** When applying the modified categorical approach, we're restricted to "consult[ing] a limited class of documents," *id.*, to determine whether the defendant was convicted of a crime "relating to a controlled substance" defined by the CSA. *Alvarado*, 759 F.3d at 1126. In this case, documents we may consider include Ruiz-Vidal's plea colloquy, the charging information and the clerk's minute order. *See Descamps*, 133 S. Ct. at 2283–84; *United States* v. *Leal-Vega*, 680 F.3d 1160, 1168 (9th Cir. 2012). After we determine the elements of the crime of conviction, we compare them "with the elements of the generic crime," *Descamps*, 133 S. Ct. at 2281, as we would under the categorical approach.

Ruiz-Vidal argues that his record of conviction doesn't identify the controlled substance to which he pleaded—that is, that we can't tell from looking at the limited class of acceptable documents whether he pleaded to possession of methamphetamine or some other substance, say chorionic gonadotropin. But Count 1 of the Information charged Ruiz-Vidal with unlawful "SALE OF A CONTROLLED SUBSTANCE, a violation of section 11379(a) of the HEALTH AND SAFETY CODE of California . . . to wit: *methamphetamine*." (Emphasis added.) Count 1 also includes an allegation that Ruiz-Vidal "possessed for sale/sold 57 grams or more of a substance containing methamphetamine."

At his plea colloquy, Ruiz-Vidal confirmed that he was pleading no contest to the lesser included offense *of Count 1* of the Information, not just to an untethered violation of

§ 11377(a) (possession). The court asked for Ruiz-Vidal's plea "to the lesser included to Count 1, a violation of Health and Safety Code Section 11377(a)," and Ruiz-Vidal responded "[n]o contest." The court then made a finding of guilt, and the government indicated that the "*remainder* of the complaint would be dismissed." (Emphasis added.)

The court's minute order—another document that's permissible to review under the modified categorical approach, *see Leal-Vega*, 680 F.3d at 1168—confirms that Ruiz-Vidal pleaded to the lesser included offense of Count 1. It states that Ruiz-Vidal entered a plea to the "lesser included/reasonably related offense" of "Count 1" and indicates that Ruiz-Vidal stipulated that a factual basis existed for the plea. Where a minute order specifies that a defendant pleaded to a specific "count of the criminal complaint or indictment, we can consider the facts alleged in that count." *Cabantac*, 736 F.3d at 794.

And when a defendant references a specific count during his plea colloquy, we can also consider the drug listed in the charging document. *See id.* Furthermore, a plea referencing a "to wit" count in a charging document suffices to establish the controlled substance for removal purposes. *See Leal-Vega*, 680 F.3d at 1168–69; *United States* v. *Valdavinos-Torres*, 704 F.3d 679, 687–88 (9th Cir. 2012). In *Leal-Vega*, for example, the defendant pleaded guilty to "Count 1" of the complaint, which stated that he possessed "for purpose of sale a controlled substance, to wit, TAR HEROIN." 680 F.3d at 1168 (emphasis omitted). We found the conviction to be for a drug trafficking offense because the minute order stated that the conviction was for Count 1. *Id.* at 1168–69. Similarly, in *Valdavinos-Torres*, we held that a defendant's conviction was an aggravated felony for purposes of removal after reviewing

a plea form indicating that he'd "pled guilty to Count Two," which the complaint described as possession for "sale [of] a controlled substance, to wit, Methamphetamine." 704 F.3d at 687–88. Thus, Ruiz-Vidal's plea—which references a specific count in the Information—and the Information, which references a specific controlled substance, provide clear and convincing evidence that Ruiz-Vidal was convicted of a removable offense.

**2.** Ruiz-Vidal further argues that we can't consider the reference to methamphetamine in the Information because, by pleading no contest to a lesser included offense, he "pled to an offense different from the one charged." In essence, he argues that possession of another controlled substance, say chorionic gonadotropin, could be a lesser included offense of the sale of methamphetamine charge.

But, in addition to asking us to overlook his plea's specific reference to Count 1, Ruiz-Vidal ignores the meaning of "lesser included offense." Although it "is ancient doctrine . . . that a defendant cannot be held to answer a charge not contained in the indictment," our criminal justice system has long permitted a defendant to be found "guilty of any lesser offense *necessarily included* in the offense charged." *Schmuck* v. *United States*, 489 U.S. 705, 717–18 (1989) (emphasis added) (internal quotation marks omitted). California defines a lesser included offense as: "[w]here an offense cannot be committed without necessarily committing another offense, the latter is a necessarily included offense." *People* v. *Tinajero*, 24 Cal. Rptr. 2d 298, 300 (Cal. Ct. App. 1993). California courts determine whether an offense is necessarily included by reviewing whether "the facts actually alleged in the accusatory pleading[] include all the elements of the lesser offense, such that the greater [offense] cannot be

committed without also committing the lesser [offense]." *People* v. *Birks*, 960 P.2d 1073, 1078 (Cal. 1998).

Ruiz-Vidal was charged with *sale of methamphetamine* under California Health and Safety Code § 11379(a) but pleaded to—and was convicted of—a "lesser included/reasonably related offense" *to the charge* under § 11377. Ruiz-Vidal admitted to the factual basis for his plea, and he never disputed that he was pleading to a lesser included offense of sale of methamphetamine. Thus, even based only on the limited documents we're allowed to review, it's clear that Ruiz-Vidal pleaded to possession of methamphetamine.

The dissent concedes there's no reasonable dispute that Ruiz-Vidal "actually possessed methamphetamine, as opposed to a drug that is not punishable under federal law," but nonetheless argues that we cannot know whether he was "*convicted* of possessing methamphetamine," as opposed to some other drug. Dissent at 12. However, because possession of each different drug under California Health and Safety Code § 11377(a) constitutes an entirely separate offense, *Coronado*, 759 F.3d at 985, the indictment charged him with the specific offense of sale of *methamphetamine*, not sale of a controlled substance. A conviction for possession of any other drug couldn't be a lesser included offense to sale of methamphetamine. The only way a conviction for "possession of a controlled substance" can be a lesser included offense to the crime of "sale of methamphetamine" is if the drug the defendant is *convicted* of possessing is methamphetamine. Hence, so long as there is clear and convincing evidence that Ruiz-Vidal's crime of conviction was a lesser included offense to Count 1, we can conclude he was convicted of possessing methamphetamine.

The dissent characterizes our holding as "a new exception" to the general "rule" that "when the record of conviction comprises *only the indictment and the judgment*, the judgment must contain the critical phrase 'as charged in the Information'" or otherwise "unambiguously specif[y] that Defendant pleaded guilty to a specific count." Dissent at 13–14 (emphasis added and omitted) (internal quotation marks omitted). But, the record of conviction here comprises more than just the indictment and judgment. In *United States v. Vidal*, there was no "transcript of the plea colloquy or any other memorialization of the factual basis for [the] plea," 504 F.3d 1072, 1090 (9th Cir. 2007). Here, we have the transcript of a plea colloquy that gives us a clear way to "connect the references to methamphetamine in the charging document with the conviction under Cal. Health & Safety Code § 11377(a)." *Ruiz-Vidal*, 473 F.3d at 1079. During the colloquy, the judge specifically asked whether there was a factual basis for the plea, which had been identified as a "lesser included offense of Count 1." Ruiz-Vidal had ample opportunity to object to that characterization, but failed to do so. The only difference between this case and the numerous cases in which we have relied on the factual basis stipulated to during a plea colloquy is that the judge here didn't use the word "methamphetamine." But that's irrelevant because, as we have shown, a possession conviction that is a lesser included offense to sale of methamphetamine can only be for possession of methamphetamine.

Finally, Ruiz-Vidal relies on an unpublished BIA opinion and *Cisneros-Perez* v. *Gonzales*, 465 F.3d 386 (9th Cir. 2006) (as amended), to argue that we can't rely on the record to determine that his plea to a lesser included offense was for methamphetamine possession. But in *Cisneros-Perez* we concluded that the judgment record didn't establish that

Cisneros-Perez "necessarily pleaded no contest to the allegations in the original complaint" because "[i]t is not stated in any of the cognizable documents that the conviction for violating [the lesser included offense] stems from the *same incident* as the charges in the criminal complaint." *Id.* at 393 (emphasis added). Here, the cognizable documents demonstrate that Ruiz-Vidal's plea to the lesser included of Count 1 derives from the same incident as the Information, which explicitly referenced methamphetamine. Ruiz-Vidal's record of conviction contains what Cisneros-Perez's record of conviction lacked—a clear connection between the plea and the facts alleged in the charging document.

In their briefs urging panel rehearing or rehearing en banc, Ruiz-Vidal and amici argue for the first time that under California law, possession is not a lesser included offense of sale. But Ruiz-Vidal waived this argument: In his supplemental brief filed on December 20, 2013, he conceded that the "lesser included offense" characterization was correct "as a matter of law."

\* \* \*

Because there is clear and convincing evidence in the documents permissible for review that Ruiz-Vidal pleaded to—and was convicted of—possession of methamphetamine, a controlled substance, he is removable.

**PETITION DENIED.**

REINHARDT, Circuit Judge, dissenting:

Petitioner was charged with sale of a controlled substance — a substance that the state alleged in the information was methamphetamine. He pled no contest to a lesser included offense — possession of a controlled substance. Petitioner stipulated that there was a factual basis for his plea, but explained nothing further regarding the offense. The question in this case is *not* whether Petitioner actually possessed methamphetamine, as opposed to a drug that is not punishable under federal law. If that were the question, this case would be straightforward, as "the record does not contain any serious suggestion that [Petitioner possessed] any substance other than [methamphetamine]." *Medina-Lara v. Holder*, 771 F.3d 1106, 1115 (9th Cir. 2014).

The question instead, however, is whether the record provides clear, unequivocal, and convincing evidence that Petitioner was *convicted* of possessing methamphetamine. *See Carachuri-Rosendo v. Holder*, 560 U.S. 563, 576 (2010) ("The text [of the Immigration and Nationality Act] thus indicates that we are to look to the conviction itself as our starting place, not to what might have or could have been charged."). In answering that question, "whether [Petitioner] actually possessed . . . [methamphetamine] 'makes no difference.'" *Medina-Lara*, 771 F.3d at 1115 (quoting *Descamps v. United States*, 133 S. Ct. 2276, 2286 (2013)). Rather, our limited task is to determine whether Petitioner's plea to possession of a controlled substance, as a lesser included offense to sale of methamphetamine, necessarily constitutes a *conviction* for possession of methamphetamine.

Here, the specification of methamphetamine occurs only in the allegations contained in a count of the information to

which Petitioner did *not* plead guilty. In fact, the plea was made to an entirely different statute not even mentioned in the information. In *United States v. Vidal*, 504 F.3d 1072 (9th Cir. 2007) (en banc), we held that in order to allow us to infer that a defendant was convicted of the allegations in the information, "when the record of conviction comprises only the indictment and the judgment, the judgment must contain the critical phrase '*as charged in the Information*.'" *Id.* at 1087 (emphasis added) (citation omitted). In other words, *Vidal* made clear that a defendant is not convicted of the allegations unless he pleads guilty "as charged in the Information." We have, in recent cases, made an exception to this rule in one situation, and one situation only: "[w]here . . . the abstract of judgment unambiguously specifies that Defendant pleaded guilty to a specific count." *United States v. Torre-Jimenez*, 771 F.3d 1163, 1169 (9th Cir. 2014). We have not considered the allegations in the information when the defendant "pled guilty to an offense different from the one charged in the information."[1] *Martinez-Perez v. Gonzales*, 417 F.3d 1022, 1029 (9th Cir. 2005), *abrogated on other grounds by United States v. Snellenberger*, 548 F.3d 699 (9th

---

[1] The cases cited by the majority support this statement. The majority, for example, cites *Cabantac v. Holder*, 736 F.3d 787 (9th Cir. 2013) (per curiam), *United States v. Leal-Vega*, 680 F.3d 1160 (9th Cir. 2012), and *United States v. Valdavinos-Torres*, 704 F.3d 679 (9th Cir. 2012). All of those cases involved circumstances in which we considered the conduct alleged in a count of an indictment specifically because the defendant pled guilty to *that particular count* — not some other, related offense. *See Cabantac*, 736 F.3d at 793–94; *Leal-Vega*, 680 F.3d at 1168; *Valdavinos-Torres*, 704 F.3d at 688; *see also Torre-Jimenez*, 771 F.3d at 1168 (listing *Cabantac*, *Leal-Vega*, and *Valdavinos-Torres* as cases that support the rule that "[w]here the minute order or other equally reliable document specifies that a defendant *pleaded guilty to a particular count of a criminal complaint*, the court may consider the facts alleged in the complaint" (citation omitted) (internal quotation marks omitted)).

Cir. 2008) (en banc) (per curiam); *see also Alvarado v. Holder*, 759 F.3d 1121, 1131 (9th Cir. 2014); *Cisneros-Perez v. Gonzales*, 465 F.3d 386, 393 (9th Cir. 2006). This case obviously does not fall within the one exception we have created; rather, it obviously does fall within the class of cases in which the defendant pled guilty to a different offense than the one charged, and in which we consequently refused to review the allegations in the charging document when applying the modified categorical approach.

The majority opinion, however, adopts a new exception — for certain cases in which the defendant did *not* plead guilty to the offense charged in the indictment, but to a different statutory offense — an offense that constituted a lesser included offense to a crime that *was* charged in the information. It holds, in short, that because Petitioner was charged with selling a controlled substance, specified as methamphetamine in the information, and he pled no contest in his plea colloquy to a different criminal charge — the *lesser included offense* of possession of a controlled substance — the controlled substance he pled no contest to possessing was necessarily methamphetamine.[2]

---

[2] The majority objects to my characterization of its opinion as a new exception to *Vidal*. It argues that *Vidal* does not control because, whereas in *Vidal* there was no "memorialization of the factual basis for [the] plea," *Vidal*, 504 F.3d at 1090, in this case there was such a memorialization in the plea colloquy. The majority is incorrect. The plea colloquy here does not memorialize the factual basis for the plea; it reveals only that there was *a* factual basis for the plea, and that the plea was to the lesser included offense to the one charged. It does not include an admission that the drug Petitioner pled no contest to possessing was methamphetamine, a substance that was not mentioned once during the entirety of the plea colloquy. Thus, unlike in the "numerous cases in which we have relied on the factual basis stipulated to during a plea colloquy," Maj. Op. at 10, here the plea colloquy alone is insufficient to connect Petitioner's plea to a drug

The majority's adoption of a new exception to *Vidal* for pleas to lesser included offenses as memorialized in a plea colloquy is unwarranted and unwise. Petitioner is removable only if he was "convicted" of a controlled substances offense as defined by federal law. 8 U.S.C. § 1227(a)(2)(B)(I). Therefore, as explained above, we must "look to the conviction itself as our starting place, not to what might have or could have been charged." *Carachuri-Rosendo*, 560 U.S. at 576. When a defendant pleads guilty to a lesser included offense, however, he does "not plead guilty to, and therefore [is] not actually convicted of, the . . . charge contained in the indictment." *United States v. Bernal-Aveja*, 414 F.3d 625, 627 (6th Cir. 2005). In such a case, "the indictment alone is insufficient to meet the government's burden of proving that [Petitioner] was previously *convicted* of a [controlled substances offense]." *Id.* (emphasis added). Moreover, the majority's new exception dispenses with a simple rule — one that limits our review of an indictment to cases in which the

---

he would be removable for possessing. Indeed, the majority implicitly recognizes this insufficiency. It relies on the fact that Petitioner "never disputed that he was pleading to a lesser included offense of sale of methamphetamine" at his plea colloquy to prove that he pleaded to possession of methamphetamine. Maj. Op. at 9. Never before have we held that a defendant's failure to dispute a fact is proof of that fact, and for good reason. Because "methamphetamine" was never mentioned during the plea colloquy, there was no such factual allegation for the defendant to dispute. Moreover, the majority's reasoning ignores that it is the *government's* burden to prove by clear, unequivocal and convincing evidence all facts supporting removability. *See Ayala-Villanueva v. Holder*, 572 F.3d 736, 737 n.3 (9th Cir. 2009). That Petitioner said nothing whatsoever at his plea colloquy about whether or not his conviction involved methamphetamine falls far short of proving that his conviction did. Recognizing this fact, the government relies on the facts alleged in the charging document in attempting to carry its burden. In that circumstance, *Vidal* controls.

defendant pled guilty "as charged in the information" or to a specific count in the information. Instead, it forces us into the often difficult task of reviewing what may well be near-impenetrable or highly ambiguous state case law on lesser included offenses in order to determine which of the allegations in the charging document necessarily constitute the factual basis for the lesser crime. This task, as the present case demonstrates, is likely to result in considerable confusion and the faulty or erroneous application of state law,[3] as well as a holding that is directly contrary to the spirit

---

[3] The complexity and uncertainty of that task is well illustrated here. Although Petitioner pled no contest to the lesser included offense to sale of a controlled substance, the offense to which he pled no contest — possession of a controlled substance — is *not* a lesser included offense to the crime charged — sale of a controlled substance — under at least one of the tests used by California courts. Under California's elements test, "possession of a controlled substance cannot be a necessarily lesser included offense of selling or offering to sell . . . because the former crime contains elements a sales offense does not: knowing possession of a usable quantity." *People v. Peregrina-Larios*, 28 Cal. Rptr. 2d 316 (Cal. Ct. App. 1994); *see also* Judicial Council of California Criminal Jury Instructions, 1 CALCRIM No. 2300 (2015). Moreover, under that test the particular drug alleged in the information is not relevant to determining a lesser included offense. *See People v. Sosa*, 148 Cal. Rptr. 3d 826, 828–29 (Cal. Ct. App. 2012). Under the accusatory pleading test, the "specific language of the accusatory pleading" must include all of the elements of the lesser offense. *People v. Moses*, 50 Cal. Rptr. 2d 665, 668 (Cal. Ct. App. 1996). In this case, the first count in the accusatory pleading — the count to which Petitioner pled no contest to the lesser included offense — does not include any specific language concerning *possession* of methamphetamine; it merely repeats the language in the sale statute. There is an excess clause as to count one including the allegation that Petitioner "possessed for sale/sold . . . methamphetamine," but that allegation could be satisfied by Petitioner selling methamphetamine without possessing it for sale. In short, rather than clear, unequivocal, and convincing evidence that Petitioner pled no contest to possession of

and purpose, if not the text, of the rule our en banc court adopted only a short time ago.

Even if the majority's new rule were consistent with our precedent, I would nevertheless not adopt the additional exception to *Vidal* that it creates — an exception for certain cases in which the defendant pleads guilty to a different offense than the one charged. Indeed, I would adopt no more exceptions to *Vidal* than the one our court has already made for pleas to a specific count in the information. The primary benefit to the rule we announced in *Vidal* was that it ensured to the greatest extent possible that defendants who might face deportation as the result of pleading guilty to a criminal charge would know with reasonable certainty whether their plea could have that consequence. Following *Vidal*, we refused to look to the factual allegations in the charging document unless the defendant explicitly pled guilty to those factual allegations — indeed, pled guilty "as charged in the information." Although I would not have created an exception to *Vidal* in any case, at least until now we have done so only when the defendant pled guilty to a specific count in the charging document, thus directly connecting the defendant's plea to the factual allegations in that document. *See Medina-Lara*, 771 F.3d at 1113. When a defendant pleads guilty to a different offense than the one charged, however, we have no assurance that he knowingly pled guilty to the particular allegation in the charging document that triggers his eligibility for deportation.

It is vitally important that criminal defendants — particularly those who may face removal from this country as

---

methamphetamine, the record in this case reveals ambiguity and confusion regarding the meaning of Petitioner's plea to a lesser included offense.

a result of their plea — "anticipate the immigration consequences of guilty pleas in criminal court." *Mellouli v. Lynch*, 135 S. Ct. 1980, 1987 (2015). As our court adopts new exceptions to *Vidal*, however, we increasingly "risk[] depriving criminal defendants who pled guilty in reliance on *Vidal* [or other cases in this area of law] of the benefit of their plea." *Cabantac v. Holder*, 736 F.3d 787, 792 (9th Cir. 2013) (Murguia, J., dissenting from the denial of rehearing en banc). Indeed, "even the most well advised defendant, negotiating a plea with the intention of avoiding adverse immigration consequences, could end up being deprived [of] the benefit of that negotiation if we ignore our own precedent and change the rules of the game after it has already been played." *Id.*

This case is such an example. Prior to this case, we had never reviewed the allegations in a charging document when the defendant "pled guilty to an offense different from the one charged in the information." *Martinez-Perez*, 417 F.3d at 1029. In fact, we abstained from doing so in a 2007 case involving the very petitioner in this case — Jose Reyes Alberto Ruiz-Vidal — in which the charges were identical to those in this case (including the specification of methamphetamine in the information), and the offense to which he pled guilty was identical to the one in this case (possession of a controlled substance, with no specification of the particular drug). *See Ruiz-Vidal v. Gonzales*, 473 F.3d 1072, 1074–75 (9th Cir. 2007). We held that the petitioner was not removable for his offense precisely because he "did not plead guilty to an offense that was charged in the information" and, as a result, "there [was] simply no way for us to connect the references to methamphetamine in the charging document with the conviction under Cal. Health & Safety Code § 11377(a)." *Id.* at 1079.

It is, therefore, no surprise that in this case Petitioner carefully avoided any mention of methamphetamine during the plea colloquy and deliberately pled no contest to a different offense than the ones charged in the information. His prior experience had demonstrated that as long as he did exactly that, he could not be removed for his conviction. *See I.N.S. v. St. Cyr*, 533 U.S. 289, 322 (2001) ("[A]lien defendants considering whether to enter into a plea agreement are acutely aware of the immigration consequences of their convictions."). By adopting a new exception to *Vidal*, however, the majority disregards Petitioner's reasonable reliance on the law of our circuit — indeed, law from which he had directly benefitted in an earlier case. Even worse, it disregards Petitioner's decision to "waive several of [his] constitutional rights (including the right to a trial) and grant the government numerous 'tangible benefits, such as promptly imposed punishment without the expenditure of prosecutorial resources,'" principally in exchange for the immigration benefits he reasonably believed he would receive as a result of his plea. *Id.* (quoting *Newton v. Rumery*, 480 U.S. 386, 393 n.3 (1987)).

The majority's decision is wrong and unjust. By adopting a new exception to *Vidal* and applying it in this case, the majority opinion effectively "attach[es] new legal consequences to past decisions," and thereby "disrupt[s] settled expectations and actions taken in reliance on them." *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 613 (9th Cir. 1999) (quoting *Jeffries v. Wood*, 114 F.3d 1484, 1494 (9th Cir. 1997)) (internal quotation marks omitted). To avoid the inevitable, unjust consequences of eviscerating *Vidal* through creeping exceptions and of undermining the certainty of circuit law, I would cease our practice of creating new exceptions whenever we feel like doing so and in any event

would not utilize that insidious practice in a case in which a defendant may suffer extremely severe consequences as a result of relying on our law as it was at the time he waived his constitutional rights.  I dissent.